LAUGHNAN, Respondent, vs. ESTATE OF LAUGHNAN, Appellant.

*March 15—April 4, 1917.*

*Statute of frauds: Oral promise to devise land: Parent and child: Recovery for services: Executors and administrators: Claim against decedent: Limitation of actions: Appeal: Findings of fact.*

1. An oral promise by a father to devise a part of his farm to his son or to die intestate if the son, after becoming of age, would continue to work for him on the farm, was void under the statute of frauds (sec. 2304, Stats.); but proof of such promise rebuts the presumption that the services performed by the son were gratuitous, and the promise is a sufficient basis for the recovery of their reasonable value.

2. It appearing in such case that the services rendered by the son continued from 1880 up to the death of the father in 1913; that payments were made to the son from time to time in money and during all the time in board and keep; and that a claim for such services was seasonably filed against the father's estate, the statute of limitations does not apply.

3. The lack of a specific finding by the trial court of a fact shown by uncontradicted evidence to exist will, when necessary, be supplied by the supreme court on appeal.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

Action to recover the reasonable value of services rendered John Laughnan, deceased, the father of plaintiff, from 1883 to 1893, which services it is alleged were rendered upon an

express agreement made between the deceased and plaintiff that the latter should be compensated therefor at the father's death.    John Laughnan died testate January 9, 1913, at the age of ninety-four, leaving plaintiff only $500 out of an estate valued at about $4,500.    The circuit court found that an express agreement to pay for the services was made by the deceased; that they were reasonably worth the sum of $2,000; that plaintiff had been paid from time to time the sum of $300, and this sum together with the amount of the legacy of $500 to plaintiff were deducted, leaving a balance of $1,200 due plaintiff, for which sum judgment was entered in his favor.    The executrix of the estate appealed.

For the appellant there was a brief by *Thomas W. King* of Spring Green and *Fiedler & Fiedler* of Mineral Point, and oral argument by *Mr. King* and *Mr. E. C. Fiedler.*

For the respondent there was a brief by *Jas. E. O'Neill* of Dodgeville, attorney, and *Gilbert & Ela* of Madison, of counsel, and oral argument by *Frank L. Gilbert.*

VINJE, J.    For many years prior to his death John Laughnan lived on a farm of 508 acres in Iowa county.    He had two sons, plaintiff, born in 1859, and William, born in 1863, and one daughter, *Mary,* the executrix of the estate and the residuary legatee.    His wife, Margaret, died in 1914 at the age of eighty-six or eighty-seven.    About the year 1888 he deeded 160 acres to his son William, who then married. *Mary* married and left the farm about 1893, leaving plaintiff and his parents on the farm.    In 1898 William bought the old homestead, consisting of 240 acres, his parents reserving a life lease of the home and buildings.    The balance of the farm, consisting of 108 acres of ridge land, some twenty-five or thirty acres of which was cleared, the father owned and kept till he died.    The plaintiff remained with his parents till they died.    It appears that some thirty years ago, while working on the farm, plaintiff through a kick from a

horse sustained an injury to his head which affected his mind so that he is now and for some fifteen years past has been somewhat mentally deficient.

The testimony supporting the finding that an express promise to pay for the services was made is that of the brother William, who testified in substance that after he and plaintiff became of age he told his father that he wanted wages or he would quit working, and that his father told him and his brother that they were not working for him, the father, but for themselves; that when he was through with the property they, meaning William, plaintiff, and his sister, would have the whole of it. He used to say that very frequently, and plaintiff was present when the first conversation was had and at several others. He repeatedly told them that if they stayed and worked the farm as long as he lived they would have the whole of it, meaning the property he owned. At that time the property consisted mainly of the farm.

The defendant contends (1) that there is not sufficient evidence to sustain the court's finding that there was an agreement to compensate plaintiff for his services upon the death of the deceased; (2) that at best the evidence tends to establish only an oral contract to devise real estate, and that such contract is void; and (3) that if an implied contract to compensate for the services is relied upon it is barred by the statute of limitations. Plaintiff claims that the finding that there was an agreement to pay the reasonable value of his services at the death of his father is sustained by the evidence, and, that being so, the statute of limitations does not apply because the payment did not become due till 1913 upon the death of his father.

A careful consideration of the evidence convinces us that the father expressly orally agreed that if plaintiff would continue to work for him after he became of age he would either devise him a portion of the farm or else he would die

intestate and permit plaintiff, together with his brother and sister, to take the farm under the laws of descent. Such a promise, not being in writing, was void under the statute of frauds. Sec. 2304, Stats. 1915; *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229. But the establishment of the promise rebuts the presumption that the services were gratuitous, and the express promise, having been satisfactorily proved, constitutes a sufficient basis for a recovery of the reasonable value of the services. For the void promise to devise real estate or die intestate as a consideration for the services the law substitutes the valid promise to pay their reasonable value. *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229; *Voss v. Voss,* 134 Wis. 52, 113 N. W. 1097.

In this case the court did not expressly find the value of plaintiff's services after 1895, but it is undisputed that he continued to render services for his father until his death in 1913, and the evidence shows that after 1895 they were at least worth his board and keep.

The lack of a specific finding of a fact shown by uncontradicted evidence to exist will, when necessary, be supplied by this court. So we have a case where services were rendered from 1880 to 1913, payments being made from time to time in money in small amounts and during all the time in board and keep. In such a case, where the services continue to the death of the promisor and a claim therefor is seasonably filed against the estate, the statute of limitations does not apply. *Estate of Kessler,* 87 Wis. 660, 59 N. W. 129; *Taylor v. Thieman,* 132 Wis. 38, 111 N. W. 229.

*By the Court.*—Judgment affirmed.