### IVEY v. LANE. (No. 6431.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 20, 1920. Rehearing Denied Nov. 10, 1920.)

1. **Executors and administrators ⬀221(5)— Contracts to pay for services by bequest can be established only by full proof.**

Contracts to pay for services, either in money when they are performed, or by bequest in the will of the recipient, are viewed with great caution, and can be established only by full and satisfactory proof, and no presumptions or inferences will be indulged in favor of them.

2. **Wills ⬀58(1)—In absence of communication of offer, there could be no contract for provision in will.**

If decedent's statements were never communicated to her nephew, there could have resulted therefrom no express contract between her and the nephew to pay for his services in her will.

3. **Limitation of actions ⬀46(5), 49(2)—Limitations do not run on decedent's express contract to pay for services until after death, but from performance on implied contract.**

If there had been an express contract on the part of testatrix to bequeath property to her nephew to pay for his services, the statute of limitations would not begin to run against the nephew's claim until after testatrix's death, but, if there was only an implied contract, limitations would begin to run from time of performance of the services.

4. **Executors and administrators ⬀221(5)— Evidence held to show nephew relied on generosity of testatrix rather than her express promise to pay.**

Evidence *held* to show that testatrix's nephew, suing her executor on her express or implied contract to pay him for his services, had relied on testatrix's generosity in the way of legacy, rather than on a promise, express or implied, to pay.

5. **Trial ⬀352(4)—Submission of issue as to express contract not supported by evidence properly refused.**

In action against an executor by testatrix's nephew to recover on her express or implied contract to pay him for services, in the absence of evidence of an express contract, the trial court properly refused to submit what was really an issue as to such contract, though it is treated as though it sought to present an issue as to an implied contract.

6. **Trial ⬀351(5)—Issue need not be submitted twice.**

The trial court properly refused to submit an issue to the jury where such issue had already been fully presented by the court, the jury acting on it.

7. **Appeal and error ⬀882(21)—Plaintiff appellant cannot complain original petition omitted from record by him should have been therein.**

Allegation of amended petition that original petition was filed on a given date was sufficient to show the date of filing of such pleading, and plaintiff appellant who made up the record cannot be heard to complain on appeal that the original petition should have been placed in the record.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

---

Suit by Will Ivey against W. C. Lane, executor. From judgment for defendant, plaintiff appeals. Affirmed.

E. P. Lipscomb, of San Antonio, for appellant.

Guinn & McNeill, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellant for specific performance of a contract made by and between appellant and Chere Secret, or Secrest, deceased, for the latter to devise to him sufficient of her property to pay him for personal services rendered by him to her in her declining years, or in the alternative for a judgment for the reasonable value of such services. The cause was submitted to a jury on special issues, and on the answers thereto the court rendered judgment in favor of appellant for $817. It is recited in the judgment the sum of $817 was obtained by adding $600, a legacy for appellant named in the will of Chere Secret, to $400, the sum found by the jury for the services of appellant's wife and deducting therefrom $183, amounts found to have been received by appellant. Appellee pleaded two years' limitation to appellant's claim.

In answer to the questions submitted to the jury, they found that appellant, at the instance and request of Chere Secret, performed personal services for her between December 1, 1914, and February 1, 1918; that the value of such services was $3,400; that no services were rendered by him after September 21, 1917; that he was not paid for such services by deceased; that his wife at the request of Chere Secret performed services for her after February 1, 1919; and that such services were of the value of $400; and that she was not paid for the same. It was also found that appellant and his wife had received from the estate, through rents collected, use of building, and appropriation of personal property, the sum of $183. Although, as stated by the trial judge, it is not contemplated by the statutes that conclusions of fact and law should be filed by the judge when the trial is by jury, still, on the request of counsel for appellant that the court indicate the grounds upon which the judgment for only $817 was rendered, the court filed such conclusions. He found that appellee was the duly qualified independent executor of the estate of Chere Secret, who died in Bexar county on September 21, 1919, leaving an estate valued at $3,000 or $4,000; that she left a will which was duly probated in which she bequeathed to appellant the sum of $600, which had not been paid; that the suit was filed on November 14, 1919; that no express contract was proved and there was no agreement that the services were not to be paid for until after the death of deceased. The court found that the $3,400 found by the jury as the value of the services of appellant were for services rendered more than two years before the death of Chere Secret, and was consequently barred by limitations. We approve the findings of fact of court and jury.

[1, 2] There was no testimony tending to show an express contract to pay for the services either in money at the time they were performed or by a bequest in the will of deceased. Such contracts are viewed with great caution and can only be established by full and satisfactory proof, and no presumptions or inferences will be indulged in favor of them. The evidence showed that appellant and his wife were living with his aunt, Chere Secret, and that he performed services for her for several years; but there is not one word of testimony to the effect that she ever promised to pay him anything for his services at any time. The only testimony as to her bequeathing him all her property was remarks attributed to her by Louis Mondola. Hattie Kuykendall swore that deceased told her that appellant "was the only relative she had and at her death he would become heir to what she had for taking care of her." Testatrix, according to Mondola, disclaimed any intention to pay appellant anything. He swore:

"She said she was not going to pay him anything; he was just going to stay there with her, and when she died she was going to leave him all the property; she would feed him, and then when she died she would leave him all the property."

It was not shown that any of the statements were ever communicated to appellant, and, if not communicated, there could have been no express contract between appellant and testatrix to pay through her will for the services. As said in Dyess v. Rowe, 177 S. W. 1001, where the facts were quite similar to these:

"Evidence that the Rowes stated to third persons that they intended to leave their estate to appellee did not constitute a contract to so leave it, especially as such statements were never communicated to him."

The cases of Steele v. Steele, 161 Mo. 566, 61 S. W. 815, Gross v. Newman (Ky.) 50 S. W. 530, Newton v. Field, 98 Ky. 186, 32 S. W. 623, and Collar v. Patterson, 137 Ill. 403, 27 N. E. 604, fully sustain the opinion in the Dyess-Rowe Case, and are reviewed therein. See, also, Alexander's Commentaries on Wills, pp. 173, 174, 175.

[3] If there had been an express contract on the part of the testatrix to bequeath property to pay for the services of appellant, the statute of limitations would not begin to run against the claim until after the death of the testatrix; but, if there was only an implied contract to pay for the services, limitation would begin to run from the time of performance of the services. Dyess v. Rowe, hereinbefore cited.

[4] There was no evidence that tended to show that there was an express contract to pay for the services of appellant, and even as to an implied contract the evidence is not as satisfactory as it should be. The case presented by the evidence is rather a reliance upon the generosity of the testatrix in the way of a legacy than on any promise, express or implied, to pay. Appellant has received at the hands of the court full consideration of any and all rights arising under the law and the evidence. The first and second assignments of error are overruled.

[5, 6] The third assignment of error complains of the refusal of the court to submit what was really an issue as to an express contract, but which is treated as though it sought to present an issue as to an implied contract. If, as stated in the charge sought to be presented, there was an "understanding and agreement of the parties that Will Ivey was to be compensated for his services by a provision in the will of Chere Secret," it presented an express contract to pay through a bequest. The charge was properly refused because there was no evidence of an express contract, and if it sought to present an implied contract, as seems to have been intended from the first proposition under the assignment, then it was properly refused because that issue was fully presented by the court and acted upon by the jury.

The fourth assignment of error complains that the court placed the burden of proof on appellant on the issue of limitations. We fail to find that the court places such burden on appellant; but if such burden was so placed the question is purely academic, as all the testimony showed that all the services by appellant were performed more than two years before the death of Chere Secret.

[7] It is alleged in the amended petition that the original petition was filed on November 14, 1919, and that was sufficient to show the date of the filing of that pleading, and appellant, who made up the record, cannot be heard to complain that the original petition should have been placed in the record. The finding of the court on the allegations of the amended petition is sufficient. Limitation was clearly proved. The fifth and sixth assignments of error are overruled.

The judgment is affirmed.