## McFADDIN v. TRAHAN et al.

### No. 2677.

Court of Civil Appeals of Texas. Beaumont.

Feb. 27, 1935.

Rehearing Denied March 6, 1935.

J. L. C. McFaddin and P. A. Dowlen, both of Beaumont, for appellant.

W. O. Bowers, Jr., of Beaumont, for appellees.

O'QUINN, Justice.

Appellant, as independent executor of the estate of Tobe Trahan, August 7, 1929, filed this suit in the district court of Jefferson county, Tex., against Buck Trahan; the suit being in trespass to try title to and for possession of certain premises described in his petition, and for rental damages. At the same time he sequestered and took possession of the property.

Defendant Trahan on September 11, 1929, filed his original answer, a plea of not guilty. On December 2, 1929, he filed his amended answer consisting of certain exceptions, plea of not guilty, and by cross-action set up claim to the property involved (a house and lot in the Forrest addition to the city of Beaumont), alleging an oral gift of the property to him, in that about the year 1917 Tobe Trahan agreed with defendant Buck Trahan and his wife, Ida Trahan, that if they would live with and care for him during his lifetime, and make a home for him, the property should belong to the said Buck Trahan, whereupon

said Buck and Ida Trahan did make a home for said Tobe Trahan and cared for him until it became necessary for them to leave him because of the ill health of Mrs. Ida Trahan; that later said Tobe Trahan again made the same request and renewed his said promise, and, based thereon, he and his wife in 1924 returned to and lived with said Tobe Trahan and cared for him until his death in 1928; and that not until after his death did they know or learn that said Tobe Trahan had not in his will kept his agreement with them and given them the property as they expected he would do. In said answer it was further alleged that said Tobe Trahan could not read or write, and that defendant Buck Trahan believed that said Tobe Trahan, either by will or deed, had carried out his agreement that they should have the property; that defendant and his wife had in all things performed their part of the agreement; and prayed for title to the property, or, in the alternative, that they have judgment against the estate of said Tobe Trahan for the value of their services to him, which was alleged to be the sum of $5,000.

Pending the suit Buck Trahan died and his wife and children were made parties defendant.

Appellant by supplemental petition answered said cross-action by general demurrer, special exceptions, general denial, and specially that the agreement and promise to give the property to defendants, if made, was in violation of the statute of frauds, and that the claim for damages or for pay for services rendered was barred by the two years' statute of limitations.

The case was tried to a jury upon special issues, in answer to which they found that Tobe Trahan did not verbally agree to give the property to defendant Buck Trahan in consideration of Buck Trahan and his wife living with and caring for him, said Tobe Trahan, so long as he lived; that Buck Trahan did render services to Tobe Trahan by way of taking care of and making him a home from February, 1917, to the date of his death; that Buck Trahan, nor his legal representatives, had ever received pay, in money or property, for the services rendered; and that such services were of the reasonable value of $500.

Judgment was rendered in favor of appellant for the title and possession of the property, and in favor of appellees for the value of the services as found by the jury in the sum of $500. Appellant filed motion for new trial as to the judgment for services, which was overruled. He brings this appeal.

The record discloses that Tobe Trahan was a bachelor well advanced in years, but mostly active, a good business manager, and possessed of considerable property. The house and lot in contest was his home. Buck Trahan was a nephew of Tobe Trahan and intermittently lived with Tobe Trahan in the uncle's home. Tobe Trahan died June 20, 1928, leaving a will in which appellant was made independent executor. Buck Trahan was not mentioned in the will. He was living with his uncle at the time of the uncle's death. He continued to live in the house until this suit. As before stated, he claimed the property as his by reason of the oral agreement of his uncle above stated. He pleaded an express agreement for compensation for his and his wife's services to be made by Tobe Trahan giving them by his will the property. The jury found that no such agreement was had. There was no appeal from this finding.

The rule seems to be well settled that, where persons, especially where related by blood or marriage, are living together as one household, services there performed for each other are presumed to be gratuitous, and an express contract for remuneration must be shown, or that circumstances existed clearly showing a reasonable and proper expectation or mutual intention that there would be compensation.

In order for appellees to recover a money judgment for services rendered to Tobe Trahan, the burden was upon them to both allege and prove that there was an agreement between Tobe Trahan and Buck Trahan that compensation would be paid for their services rendered to him. No such issue was submitted to the jury, although appellant excepted to the court's charge submitting the issues relative to the rendition of services and the value of same, and requested the court to submit such issue. The exception and request were refused. This was error. In the absence of a finding that it was understood by both Tobe Trahan and Buck Trahan that such compensation would be made, and that the services were rendered under such expectation, the findings of the jury in answer to special issues Nos. 7, 8, and 9, to the effect that the services were rendered, that no compensation had been received for same, and that such services were reasonably worth $500, were immaterial and did not form a basis for a judgment. We doubt the sufficiency of appellees' pleadings to have admitted such proof or the submission of such issue, but in any event it was necessary for appellees to allege and prove that in the event

they were not given the property in controversy, they then expected to be paid reasonable compensation for their alleged services, and that such was the understanding of all parties. Dyess v. Rowe (Tex. Civ. App.) 177 S. W. 1001, 1004 (writ refused). It must be remembered that the jury found that there was no contract between Tobe Trahan and Buck Trahan that Tobe Trahan would will the property to Buck Trahan. In the cited case, Judge Fly said: "It must be kept in mind that appellee pleaded an express contract on the part of the decedents to bequeath property to him. There is not one item of testimony tending to show that any such contract was ever dreamed of by decedents. The most that can be obtained from the testimony is an implied contract to pay for services and [that] not pleaded, and, if it had been, a claim based on such a contract would be barred by limitations within two years. If there was only an implied contract to pay for the services, there could have been no contract to pay through a will, and limitations would begin to run from the time of performance of the services." See, also, Ivey v. Lane (Tex. Civ. App.) 225 S. W. 61 (writ refused).

The judgment is reversed, and the cause remanded.