## TURNBOW et al. v. HEAD.
### No. 2223.

Court of Civil Appeals of Texas. Eastland.

Jan. 9, 1942.

Stinson, Hair, Brooks & Duke, of Abilene, and E. M. Critz, of Coleman, for appellants.

Smith & Eplen, of Abilene, for appellee.

FUNDERBURK, Justice.

In this suit, brought by A. P. Head, plaintiff, against Mrs. J. A. Turnbow, and others, defendants, plaintiff's second amended orginal petition (trial pleading) purports to set forth the one, or more, causes of action in four counts. In "Count One" is alleged a statutory action of trespass to try title and for damages. The allegations in "Count Two" are expressly "as an alternative count to count one." Count Two purports to be complete in itself, in that it does not adopt any allegations in other counts. This count may be interpreted as a special pleading of plaintiff's title, emanating from A. F. Turnbow, deceased, Mrs. J. A. Turnbow, his widow, L. F. Turnbow, and L. H. Turnbow (the latter three being defendants herein) ; said title from the Turnbows consisting of a judgment, order of sale and sheriff's deed. Independently of said judgment, order and conveyance thereunder, plaintiff's title was also specially pleaded as emanting from A. F. Turnbow and wife, J. A. Turnbow, L. F. Turnbow and L. H. Turnbow, through a quitclaim deed from said parties to plaintiff, dated January 7, 1938. Count Three and Count Four require no consideration since plainly the judgment was based, not upon either of them, but upon Count One or Count Two.

The defendants answered by general demurrer, general denial and plea of not guilty. In addition, defendants asserted a "cross bill" against the plaintiff, in which they affirmatively allege facts to the effect that the land in suit had been conveyed by sheriff's deed to plaintiff in pursuance of a judgment recovered by Bankers Life Company against A. F. Turnbow (since deceased) and foreclosure of a lien upon the land in suit against A. F. Turnbow, Mrs. J. A. Turnbow, L. F. Turnbow and L. H. Turnbow. Defendants in said cross bill also affirmatively alleged facts to the effect that after such conveyance by sheriff to plaintiff, the defendants, said Mrs. J. A. Turnbow, L. F. Turnbow, L. H. Turnbow, and said A. F. Turnbow (since deceased), on January 7, 1938, executed a quitclaim deed of the land to the plaintiff.

In a jury trial the judge peremptorily instructed a general verdict for plaintiff, upon the return of which verdict the court gave judgment awarding recovery of the land to the plaintiff. The defendants have appealed. Any further statement of the case, deemed necessary, will be made in the course of the opinion.

■ The pleadings of the parties foreclose the fact in favor of plaintiff that he had legal title to the land at least in so far as defendants were concerned. The judgment awarding plaintiff recovery of the land was, therefore, proper, unless, notwithstanding plaintiff's title to the land, he was, nevertheless, under some character of duty to reconvey it to defendants or to pay defendants damages for his refusal to do so.

■ Appellants (defendants below) sought specific performance of an alleged promise of plaintiff to convey the land to defendants. Such promise, if containing all other requisites necessary to constitute it a contract, was oral. True, for some of

the terms of the contract it adopted the terms of a written contract, but it is deemed unnecessary to cite authorities to show that that would not have the effect of converting the parol agreement into a written agreement. Essential proof of such a contract would necessarily consist of parol evidence. The statute of frauds being interposed as a defense, the court did not err in refusing judgment for defendants awarding specific performance.

It seems to be insisted that even if the statute of frauds did operate to deny the remedy of specific performance, it would not operate to prevent the recovery of damages for breach of the same contract, or agreement. That contention strikes us as wholly untenable. The statute of frauds operates to forbid proof of a contract within its provisions. It is just as necessary to prove the contract in order to recover damages for its breach, as it would be to have a decree of specific performance. The authorities cited do not support the contention. They are cases recognizing the right to recovery upon a quantum meruit in some instances when a contract is for certain reasons, and under particular circumstances, unenforcible. A good statement of the rule and example of its operation is as follows: "One who has performed labor and services under a contract which cannot be enforced because within the statute of frauds, and which has been repudiated by the other party thereto, may recover for such services upon a quantum meruit. * * * But the promise to pay is *implied,* not from the services alone, but from the benefit to the defendant as well, and if defendant has received no benefit, * * * there can be no recovery. Of course, the recovery must be had on the contract *implied by law;* there can be no recovery in a suit *on the special contract."* (Italics ours.) 27 C.J. p. 364, sec. 441. The pleadings of defendants tender no issues to which the doctrine of quantum meruit is applicable.

There was no error, we think, in the action of the court in sustaining a special exception to paragraph 20 of defendants' second amended original answer. The allegations in that paragraph relate to a disclaimer previously filed in the case, allegedly by some of the defendants but without the authority of others, and upon which a judgment had been rendered and a $100 check issued payable to Mrs. J. A. Turnbow, which, however, had not been accepted. The purpose of the allegations in the paragraph to which exception was sustained was to absolve defendants from the effect of the disclaimer and to challenge the authority of the attorney representing defendants in filing the disclaimer; and to obviate the effect, if any, of the $100 check. When, as it was further alleged, the judgment had been set aside and a new trial granted the whole matter of disclaimer was within the control of defendants. If the disclaimer had been filed by mistake or without authority, defendants certainly could have recalled it. At any rate, the allegations seem to us to have had no proper place in the case.

It seems to be assumed that the action of the court in peremptorily instructing the verdict for plaintiff was influenced by the allegedly unauthorized disclaimer. The record does not show that the disclaimer was given any effect as influencing the court to instruct a verdict for plaintiff. In our view, whether it did or not, it was the court's duty to give such instruction regardless of any question concerning the disclaimer. As said before, there is no reason apparent why defendants could not have withdrawn the disclaimer by proper request of the court at any time before the verdict was returned.

Further, the record does not support the assumption that the judgment was based upon a prior interlocutory judgment. In our opinion, the correctness of the judgment was in no degree dependent upon whether there was an interlocutory judgment or not. Being of the opinion that no error has been shown and that the judgment should be affirmed, it is accordingly so ordered.