HARRY D. SCOTT, INDEPENDENT EXECUTOR, v.
MRS. NEVA WALKER.

No. 8051. Decided April 21, 1943.
Rehearing overruled May 19, 1943.
(170 S. W., 2d Series, 718.)

182

*Webb & Webb,* of Sherman, and *Lively, Dougherty & Alexander,* of Dallas, for petitioners.

The Court of Civil Appeals erred in holding that the submission of the issue on whether deceased agreed to permit plaintiffs to occupy premises without charge except personal services rendered to deceased, and the jury's answer thereto determined the ultimate issue of fact in favor of plaintiff, on the theory of an express parol contract, continuous and indivisible, and that limitation against such contract would not begin until the death of the person with whom the contract was made and for whom the services were performed, and that the trial court was, therefore, without authority to disregard the findings of the jury. Silliman v. Gano, 90 Texas 637, 40 S. W. 391; Hynes v. Packard, 92 Texas 44, 45 S. W. 562; Eureka Ins. Co. v. DeRoss, 62 S. W. (2d) 226.

*J. W. Hassell* and *J. W. Hassell, Jr.,* both of Dallas, and *Dan Moody* and *J. B. Robertson,* both of Austin, for respondent.

The answer of the jury to the special issues, in the light of the pleadings, the undisputed evidence, and petitioners exceptions to the charge, established the making of an express continuous and indivisible parol contract against which limitation would not begin until the death of the grantor. St. Louis S. W. Ry. Co. v. Lawrence, 120 S. W. (2d) 906; Saltmount Oil Corp. v. Imperial Corp., 98 S. W. (2d) 418; Morre v. Rice, 110 S. W. (2d) 973.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Respondent, Mrs. Neva Walker, for herself and as next friend of her husband, sued petitioners Harry D. Scott, Independent Executor of the estate of A. E. Bower, deceased, and Kathryn Pittman and Elizabeth Pittman, devisees, for the title and possession of an improved lot in the City of Dallas. In the alternative she sued for specific performance of a contract to convey or devise the premises, in consideration of services performed by her and her husband, particularly by her, during a period of about fifteen years and until Bower's death, alleging full performance and that Bower breached the contract and devised the property to Kathryn and Elizabeth Pittman. In the further alternative she sought to recover the reasonable value of the services, and she sued, also in the alternative, for damages. Among other defenses, petitioners pleaded the statute of frauds and two year statute of limitation, Section 4 of Article 3995, and Article 5526, Revised Civil Statutes of 1925.

The trial court submitted only three issues to the jury. The first issue, which the jury answered in the affirmative, was:

"Do you find from a preponderance of the evidence that from the year 1924 to date of the death of A. E. Bower, deceased, the plaintiffs, Neva Walker and husband, rendered to said A. E. Bower personal services as housekeeper and nurse at said A. E. Bower's special instance and request?"

In answer to the second special issue the jury found the reasonable value of the services rendered for each of the years from 1925 to 1939, inclusive. The value found for each of the years 1925 and 1926 was $400.00, for each of the years 1938 and 1939, $600.00, and for each of the other years $500.00, making a total of $7,500.00.

The jury found in answer to the third special issue that Brower and respondent Mrs. Walker and her husband did not make an agreement whereby Mrs. Walker and her husband would be permitted to occupy and use Bower's home and its furnishings, without payment of rent, that Bower would pay all charges for water, lights, gas and telephone services, and that they in consideration therefor would provide him with meals, laundry and household services. This issue submitted the substance of one of the paragraphs of petitioners' answer.

The trial court, in response to petitioners' motion, disregarded the jury's findings as to the value of the services for all of the years except 1938 and 1939 and rendered judgment for respondent against petitioner Scott, independent executor, for $1,200.00, the amount found by the jury not barred by the statute of limitations, and further adjudged that respondent take nothing on her counts or causes of action for title, specific performance and damages.

The Court of Civil Appeals, on respondent's appeal, reformed the trial court's judgment and rendered judgment in her favor against Scott, executor, for $7,500.00. Associate Justice Young dissented, expressing the opinion that the trial court's judgment should be affirmed. 164 S. W. (2d) 586.

█ Respondent did not attempt to prove title to the premises; and since the contract, which she alleged and offered evidence tending to prove, was an oral contract for the conveyance or devise of real estate, the statute of frauds pleaded by petitioners was a complete defense to her suit for specific performance of the contract and to her action for damages for its breach. Hooks

v. Bridgewater, 111 Texas 122, 229 S. W. 1114, 15 A. L. R. 216; Upson v. Fitzgerald, 129 Texas 211, 103 S. W. (2d) 147; American National Ins. Co. v. Warnock, 131 Texas 457, 114 S. W. (2d) 1161.

Respondent alleged in paragraph 6 of her petition, in which she sued to recover the reasonable value of services rendered to Bower, that in December, 1924, she and her husband, at the instance and request of Bower, entered into a parol contract with him, by which they agreed that they would move into his home and buy and pay for all food necessary to support him and perform all housework and services in the home incident and appropriate to his manner of living, he paying all utility bills; that they fully performed the agreement for a period of fifteen years until his death and faithfully attended to all of his wants, he accepting the benefit of their services; and that he thereby became liable to them for the reasonable value thereof in the total sum of $18,050.00, all due and payable upon the termination of the contract, which was to continue during the whole of Bower's life.

The evidence offered by respondent tended to prove that Bower, a short time after the death of his wife in December, 1924, orally agreed with respondent and her husband that, in consideration of their living with him and making a home for him until his death, he would give or devise the house and lot to them. The evidence shows that Mrs. Walker and her husband lived with Bower, kept house for him and served and nursed him until his death in 1940. Mr. Walker was Mrs. Bower's nephew. By Bower's will the lot on which the residence is situated was devised to petitioners Kathryn and Elizabeth Pittman, Mrs. Bower's nieces.

■ Notwithstanding the fact that contracts like that upon which respondent relies are within the statute of frauds, the party who has performed the services contemplated by the contract is not without remedy. By reason of the statute, he may not bring an action to enforce the other party's obligation to convey or devise real estate, but he may sue for and recover the reasonable value of the services rendered. Stevens v. Lee, 70 Texas 279, 8 S. W. 40; Upson v. Fitzgerald, 129 Texas 211, 216, 103 S. W. (2d) 147; Raycraft v. Johnson, 93 S. W. 237, application for writ of error refused; Whitehead v. Rhea, 168 S. W. 460; Gray v. Cheatham, 52 S. W. (2d) 762; Moore v. Rice, 110 S. W. (2d) 973; Laughnan v. Laughnan's Estate, 165 Wis. 348, 162 N. W. 169; Note 69 A. L. R., pp. 14, 90-102; Note 106 A. L. R.

pp. 742, 753. To prevent injustice the law implies, instead of the promised conveyance or devise of real estate, the obligation to pay the reasonable value of the services, or, as said in Laughnan v. Laughnan's Estate, 165 Wis. 348, 162 N. W. 169, the law substitutes for the promise to convey or devise real estate as a consideration for the services the promise to pay their reasonable value. In such case the suit is not for the enforcement of the parol contract; it is on the implied contract to pay for the services performed. Ray v. Young, 13 Texas 550; Moore v. Rice, 110 S. W. (2d) 973; Turnbow v. Head, 158 S. W. (2d) 854; Note 69 A. L. R., pp. 14, 90-92; Note 106 A. L. R. pp. 742, 753.

■ While the contract is unenforceable by reason of the statute of frauds, it is nevertheless important to the plaintiff, suing for the value of services, to establish the contract, in order to show that the services were not gratuitously rendered and that the suit is not barred by limitation. Moore v. Rice, 110 S. W. (2d) 973; Laughnan v. Laughnan's Estate, 165 Wis. 348, 162 N. W. 169. Without proof of the contract, limitation begins to run from the time of the performance of the services. Dyess v. Rowe, 177 S. W. 1001, application for writ of error refused; Ivey v. Lane, 225 S. W. 61, application for writ of error refused; Caldwell v. Jones, 63 S. W. (2d) 761; McFaddin v. Trahan, 80 S. W. (2d) 492; Nystel v. Gully, 257 S. W. 286. But when a contract to devise property in consideration of services is established, the obligation to pay value for the services, which the law substitutes for the unenforceable promise, is performable also at the death of the promissor; and if there has been no prior repudiation of the contract by him, the cause of action accrues and limitation begins to run at the time of the promissor's death. Raycraft v. Johnson, 93 S. W. 237, application for writ of error refused; Dyess v. Rowe, 177 S. W. 1001, application for writ of error refused; Ivey v. Lane, 225 S. W. 61, application for writ of error refused; Gray v. Cheatham, 52 S. W. (2d) 762.

We agree with the dissenting opinion of Associate Justice Young of the Court of Civil Appeals, holding that the alleged agreement by Bower to devise the property to respondent and her husband is an essential element of respondent's case, and that, having failed to establish the agreement, she can recover compensation only for the services rendered during the years 1938 and 1939. McFaddin v. Trahan, 80 S. W. (2d) 492; Dyess v. Rowe, 177 S. W. 1001, application for writ of error refused; Ivey v. Lane, 225 S. W. 61, application for writ of error refused; Barnes v. Hobson, 250 S. W. 238, application for writ of error refused.

Respondent does not seriously contend that the agreement upon which she relies was proven by undisputed evidence. The statement of facts, which we have carefully read, contains evidence sufficient to support a finding that Bower promised to devise the property to respondent and her husband in payment for their services, and on the other hand there is evidence which would support a finding that he did not. An issue of fact was made but the issue was not submitted to the jury and respondent made no request that it be submitted.

Respondent contends, as the majority of the Court of Civil Appeals seems to have assumed, that in one or another of. the three issues the trial court submitted to the jury the question whether the contract alleged by respondent was made, but in our opinion none of the issues submitted has that meaning, purpose or effect. By the first special issue the jury was required to find whether Mrs. Walker and her husband, from 1924 until Bower's death, rendered personal services to Bower at his special instance and request. The question contains nothing about a promise or agreement by Bower to give or devise the property to Mrs. Walker and her husband, nothing about a contract of employment to continue during Bower's life, and nothing about a time for performance by Bower of a promise or obligation to compensate them. The inquiry embraces three facts to be found, the rendering of services, the time during which they were rendered and the request by Bower that they be rendered. By affirmative answer to the question the jury found facts from which the law would imply a promise to pay for services performed, but the affirmative answer does not import an agreement to give or devise property or a contract of employment to continue until Bower's death or an obligation or promise on the part of Bower to compensate respondent and her husband at Bower's death. The issue inquires whether the services were in fact rendered at Bower's request from the year 1924 until his death, not whether there was an agreement for services to continue through that period.

Respondent in her brief in this court argues that petitioners, in objections made to the first special issue and appearing in the transcript, interpreted that issue as submitting to the jury the question whether Bower agreed to give or devise the property to her. Petitioners state that the objections which appear in the transcript were made to the court's charge as tentatively prepared and submitted to counsel and have no reference to the special issues in the charge as given to the jury. It is sufficient to observe that the charge and the issues are not ambiguous and

that counsel for respondent could not have been misled as to their meaning by the objections set out in the transcript. The trial court's judgment, after setting out the issues that were submitted to the jury and the jury's answers, recites that there was no evidence to establish an express contract to remunerate plaintiffs for their services by a gift or sale of the property, that the evidence was insufficient to warrant the submission of such issue, and that it was not submitted and was not requested by plaintiffs. Thus it is apparent that the trial judge was not in doubt as to the meaning of the issue and did not intend to submit an issue as to the express contract alleged by respondent.

By the second special issue the jury was asked to find the reasonable value of the services "if any" for each of the years 1925 to 1939, inclusive. The issue does not call for a finding as to the making of a contract or as to a promise to pay for services either in property or in money.

Petitioners alleged, as one of their defenses, that in December, 1924, Bower agreed to permit respondent and her husband to move into and occupy his home and to use it and the furniture in common with him, agreed to pay all charges for water, gas, lights and telephone services, and further that respondent and her husband should not be required to pay any rent; and that they, in consideration of the right to use and occupy the premises, agreed to provide Bower with suitable meals and household services; that they occupied and used his home under that agreement and that they thereby received from him the full compensation that they were entitled to receive under the agreement for all services rendered by them to him. The third special issue submitted to the jury the substance of the agreement thus alleged and in answering the issue, the jury found that the agreement so alleged was not made.

The jury's answer to the third special issue was not a finding that the agreement alleged by respondent, the devise of the property in payment for the services, was made. The two agreements alleged were entirely different. If that alleged by petitioners had been established by jury finding, respondent would not have been entitled to any payment whatever for her services, except the right to use and occupy the premises, and she would have recovered nothing in this suit. If the agreement alleged by respondent had been established by jury finding, she would have been entitled to recover the reasonable value of her services for all of the years, 1925 to 1939, inclusive. Since neither agreement was established by jury verdict the trial court correctly rendered

judgment in favor of respondent for the reasonable value of her services for the years 1938 and 1939.

The sixth paragraph of respondent's trial petition alleges a parol contract for services to continue during the life of Bower, with payment therefor to be made at the termination of the contract, as grounds for the recovery of the reasonable value of the services for the full fifteen years, notwithstanding the statute of limitation. But the pagragraph, in its allegations of valueable services performed by respondent and her husband for Bower, the acceptance by Bower of the benefit of the services and their reasonable value, states also a cause of action for recovery, independently of the express promise alleged, on a promise implied by law or on quasi contract. Colbert v. Dallas Joint Stock Land Bank, 129 Texas 235, 102 S. W. (2d) 1031. The judgment of the trial court, therefore, conforms to the pleading as well as to the verdict.

■ Respondent suggests that if the judgment of the Court of Civil Appeals is not affirmed the cause should be remanded for trial to the district court, but the reviewing court "is not authorized to reverse an errorless judgment in order to afford an opportunity for fuller development." National Life Co. v. McKelvey, 131 Texas 81, 85, 113 S. W. (2d) 160; Texas Employers Ins. Ass'n. v. Brandon, 126 Texas 636, 89 S. W. (2d) 982; Harris v. Shafer, 86 Texas 314, 23 S. W. 979, 24 S. W. 263.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court April 21, 1943.

Rehearing overruled May 19, 1943.