Motion for Rehearing Overruled; Opinion
filed January 27, 2011, Withdrawn; Affirmed as Modified in Part, Reversed and
Remanded in Part, and Substitute Opinion on Rehearing filed March 11, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00237-CV



Bluelinx
Corporation, Appellant 

v.

Texas
Construction Systems, Inc., Appellee 



On Appeal from
the County Civil Court at Law No. 4

Harris County, Texas

Trial Court
Cause No. 870162



 

SUBSTITUTE OPINION ON REHEARING

We deny the motion for rehearing of appellee Texas
Construction Systems, Inc. (TCS).  We withdraw our opinion of January 27, 2011,
and issue the following substitute opinion in its place.

Appellant Bluelinx Corporation appeals from the trial
court’s judgment entered in favor of TCS after a jury trial.  In six issues,
Bluelinx argues that (a) the trial court erred in submitting a jury question on
quantum meruit and the evidence is insufficient to support the jury’s award for
quantum meruit, (b) foreclosure against Bluelinx’s property was improper, (c)
the trial court erred in awarding attorney’s fees and costs, and (d) the trial
court erred in failing to submit findings of fact and conclusions of law.  We
conclude that a portion of the jury’s quantum meruit award was improper, and
therefore we modify the judgment to eliminate this portion of the award.  In
light of our reduction in the damages award, we also reverse and remand the
award of attorney’s fees.  We affirm the remainder of the trial court’s
judgment.

Background

TCS is a construction
contractor.  Bluelinx hired TCS to design and build a storage shed at a
Bluelinx facility in Houston.  The contract required that TCS “obtain” a
building permit from the City of Houston.  Harry Sturges, TCS’s president,
spent 49.25 hours over four months attempting to secure the permit.  Bluelinx
then hired a “permit expediter” to take over work on the permit, and it was
another three and a half months before the City of Houston finally issued a
permit.

Bluelinx fired TCS and hired another contractor to
complete the construction job.  TCS then sued Bluelinx for breach of contract
and quantum meruit and requested foreclosure on a mechanic’s and materialman’s
lien it placed on Bluelinx’s property.  Bluelinx counterclaimed for breach of
contract.  At trial, the jury found that neither party breached the contract
but that Bluelinx owed TCS $10,046.20 under the quantum meruit theory. 
Post-trial, the trial court ordered foreclosure of TCS’s lien against Bluelinx
and awarded attorney’s fees and costs to TCS.  Bluelinx now appeals.

Analysis

A.     Quantum
Meruit

In its third issue, Bluelinx argues that the trial
court erred in submitting a quantum meruit question to the jury, and in its
sixth issue, Bluelinx contends that the evidence is legally and factually
insufficient to sustain the jury’s award.  

Quantum meruit is an equitable remedy based on an
implied promise to pay for benefits received.  See Vortt Exploration Co. v.
Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex. 1990); Wohlfahrt v.
Holloway, 172 S.W.3d 630, 634 (Tex. App.—Houston [14th Dist.] 2005, pets.
denied).  To prove quantum meruit, a party must show (a) valuable services were
rendered or materials furnished, (b) for the person sought to be charged, (c)
the services or materials were accepted and used by the person sought to be
charged, (d) under such circumstances to reasonably notify the person to be
charged that the party seeking recovery was expecting to be paid by the person
sought to be charged.  See Vortt Exploration, 787 S.W.2d at 944; Wohlfahrt,
172 S.W.3d at 634.[1]

1.       Submitting
Jury Question

Bluelinx argues that the trial court erred in
submitting a jury question on quantum meruit.  All parties are entitled to have
controlling issues that are raised by the pleadings and evidence submitted to
the jury.  See Tex. R. Civ. P.
278; Lehmann v. Wieghat, 917 S.W.2d 379, 382 (Tex. App.—Houston [14th
Dist.] 1996, writ denied).  TCS pleaded quantum meruit, but Bluelinx contends
it should not have been submitted as a matter of law because an express
contract exists between the parties.  We disagree.  A party may recover in
quantum meruit when there is no express contract covering the services or
materials furnished.  See Black Lake Pipe Line Co. v. Union Constr. Co.,
538 S.W.2d 80, 86 (Tex. 1976), overruled on other grounds by Steiner v.
Marathon Oil Co. 767 S.W.2d 686 (Tex. 1989); Coastal Chem, Inc. v. Brown,
35 S.W.3d 90, 101 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  The
existence of an express contract does not preclude quantum meruit recovery for
services or materials that are not covered by the contract.  Black Lake,
538 S.W.2d at 86; Beverick v. Koch Power, Inc., 186 S.W.3d 145, 154
(Tex. App.—Houston [1st Dist.] 2005, pet. denied); Coastal Chem, 35
S.W.3d at 101.

TCS argued at trial that it performed work outside
the scope of the contract, and it offered supporting evidence.  For example,
Sturges testified that, at Bluelinx’s request, TCS spent $2,130.02 to obtain a
more expensive type of building material than that specified in the bid.  A
trial court may refuse to submit an issue to the jury only if no evidence
exists to warrant its submission.  Elbaor v. Smith, 845 S.W.2d 240, 243
(Tex. 1992).  Sturges’s testimony is some evidence to warrant submission of a
quantum meruit question to the jury.  The trial court did not err in submitting
a quantum meruit question to the jury, and we therefore overrule Bluelinx’s
third issue.  

2.      Sufficiency
of the Evidence

In reviewing the legal sufficiency of the evidence,
we view the evidence in the light most favorable to the fact finding, crediting
favorable evidence if reasonable persons could, and disregarding contrary
evidence unless reasonable persons could not.  City of Keller v. Wilson,
168 S.W.3d 802, 807 (Tex. 2005).  We may not sustain a legal sufficiency point
unless the record demonstrates (a) a complete absence of a vital fact, (b) the
court is barred by the rules of law or of evidence from giving weight to the
only evidence offered to prove a vital fact, (c) the evidence to prove a vital
fact is no more than a scintilla, or (d) the evidence established conclusively
the opposite of the vital fact.  Id. at 810.  We must determine whether
the evidence at trial would enable reasonable and fair minded people to find
the facts at issue.  See id. at 827, To evaluate the factual sufficiency
of the evidence to support a finding, we consider all the evidence and will set
aside the finding only if the evidence supporting the finding is so weak or so
against the overwhelming weight of the evidence that the finding is clearly
wrong and unjust.  Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402,
406–07 (Tex. 1998); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

The jury heard testimony regarding expenses for
certain materials.  Sturges testified to $2,130.02 in changed materials
expenses that were incurred at the request of Frank Miller, the project manager
at Bluelinx, and were not covered by the contract.  After Bluelinx fired TCS,
TCS submitted a change order requesting reimbursement for, among other things,
the materials expenses.  Miller testified that he never discussed the change
order with Sturges, but the jury could have reasonably inferred that Bluelinx
should have known TCS expected to be paid for accommodating his request for
more expensive materials than were provided for in the contract.  See Vortt
Exploration, 787 S.W.2d at 944; Wohlfahrt, 172 S.W.3d at 634. 
Therefore, quantum meruit recovery based on $2,130.02 in materials expenses was
proper.

The jury also heard evidence of the 49.25 hours that
Sturges spent attempting to obtain a building permit from the City of Houston. 
Bluelinx argues in its brief that the hours Sturges spent working on the permit
process are not compensable via quantum meruit because obtaining a permit is
within the scope of work covered by the contract.  We agree with Bluelinx that
the plain language of the contract includes Sturges’s work to procure the permit. 
The contract requires TCS “to obtain all licenses and permits” and to “furnish
all labor, materials, services, [and] supervision” necessary to perform its
duties under the contract.  This language unambiguously requires TCS to furnish
all labor and supervision necessary to obtain the permit.  Sturges testified
about his expectation to be paid for the hours he spent obtaining the permit
and his opinion of the industry practice, but such parol evidence cannot be
used to create an ambiguity in an otherwise unambiguous contract.  See In
re Polyamerica, LLC, 296 S.W.3d 74, 77 (Tex. 2009) (orig. proceeding)
(stating that party’s beliefs regarding contract did not alter unambiguous
language of the contract); Tellepsen Builders, L.P. v. Kendall/Heaton
Assocs., Inc., 325 S.W.3d 692, 696 (Tex. App.—Houston [1st Dist.] 2010,
pet. denied) (“An unambiguous contract will be enforced as written and parol
evidence will not be received for the purpose of creating an ambiguity or to
give the contract a meaning different from that which its language imports.”). 
Thus, the jury’s award cannot be sustained based on the hours Sturges spent
obtaining the permit.

TCS
argues that a portion of the jury’s damages award can be supported by
considering $8,613.34 Bluelinx withheld as a retainage from TCS’s payment
application that was never reimbursed.  The goods and services to which this
retainage relates are covered by the parties’ contract.  As a general
rule, a plaintiff seeking to recover the reasonable value of services rendered
or materials supplied will be permitted to recover in quantum meruit only if
there is no express contract covering those services or materials.  See
Truly v. Austin, 744 S.W.2d 934, 936 (Tex. 1988).  But the Supreme
Court of Texas has recognized three exceptions to this general rule: (1) when
the plaintiff has partially performed an express contract, but because of the
defendant’s breach, the plaintiff is prevented from completing the contract;
(2) under certain circumstances when the plaintiff partially performs an
express, unilateral contract; and (3) when a contractor under a building or
construction contract breaches the contract and the owner accepts and retains
the benefits arising as a direct result of the contractor’s partial performance
of the contract.[2] 
See id. at 936–37.  In the case under review, the contract is
bilateral, not unilateral.  In addition, the jury found that neither party
breached the contract, and no party has challenged these findings in the trial
court or on appeal.[3] 
Accordingly, TCS’s claim for the $8,613.34 does not fall within any of the
three recognized exceptions, and TCS cannot recover this amount under quantum
meruit.  See id. at 936–38; see Pepi Corp. v. Galliford,
254 S.W.3d 457, 462–63 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)
(recognizing three exceptions to general rule that an express contract bars
recovery under quantum meruit and holding recovery precluded under third
exception because plaintiff did not breach).

Both viewing the evidence in the light most favorable
to the verdict and considering all of the evidence, we conclude the evidence is
legally and factually sufficient only to support a finding of $2,130.02 due to
TCS under the quantum meruit theory.  We therefore sustain Bluelinx’s sixth issue
in part and modify the judgment to reduce the damages award to $2,130.02.

B.     Foreclosure

In its fourth issue, Bluelinx argues that the trial
court erred in ordering foreclosure of TCS’s mechanic’s and materialman’s lien
against Bluelinx’s property.  In its brief, Bluelinx claims that it was denied
the opportunity to present its defenses to foreclosure.  During pretrial
proceedings, Bluelinx informed the court that it intended to dispute
foreclosure of the lien based on lack of notice.  The court responded that the
issue of foreclosing the lien was a legal one that could be taken up between
the verdict and entry of judgment.  After the verdict, TCS moved for entry of
judgment and requested foreclosure of its lien.  In its response to TCS’s
motion for entry of judgment, Bluelinx did not mention the foreclosure issue at
all.  The trial court rendered judgment, including ordering foreclosure of TCS’s
lien.  Finally, in its motion to modify the judgment, Bluelinx argued that the
trial court’s foreclosure order was improper because Bluelinx did not have an
opportunity to present its defenses and because money damages is the only
proper remedy for a successful quantum meruit claim, and the trial court denied
this motion.

We conclude that Bluelinx was provided with the
opportunity to present its defenses.  In its motion for entry of judgment, TCS
specifically requested foreclosure, and not only did Bluelinx fail to request a
hearing to present its defenses, it failed to mention the foreclosure issue
entirely, though it easily could have done so in its motion response or
otherwise.  Therefore, we reject Bluelinx’s argument that the trial court
granted foreclosure without any opportunity for Bluelinx to present defenses.

Bluelinx further argues that foreclosing the lien was
improper because money damages are the only available remedy for a quantum
meruit claim.  Bluelinx cites two cases, neither of which supports its theory. 
See Campbell v. Nw. Nat’l Life Ins. Co., 573 S.W.2d 496, 498
(Tex. 1978); Scott v. Walker, 170 S.W.2d 718, 720 (Tex. 1943).  Campbell
merely held that quantum meruit was available for unpaid services, see
573 S.W.2d at 498, and Scott held that an obligation made unenforceable
under the statute of frauds could be enforced via quantum meruit, see
170 S.W.2d at 720.  In this case, the trial court ordered foreclosure on the
lien securing payment for labor done or materials furnished.  See Tex. Prop. Code § 53.021.  Bluelinx
offers no support for the theory that this was improper solely because the
damages were awarded on a quantum meruit claim.

Finally, Bluelinx contends that foreclosure of a lien
is improper in the quantum meruit context because TCS was required to prove
breach of contract to foreclose on a lien under section 53.021.  Bluelinx never
made this argument to the trial court, and thus it is waived on appeal.  Tex. R. App. P. 33.1(a); Neely v.
Comm’n for Lawyer Discipline, 302 S.W.3d 331, 339 n.6 (Tex. App.—Houston
[14th Dist.] 2009, pet. denied).

The trial court did not err in granting foreclosure
to TCS, and we overrule Bluelinx’s fourth issue.

C.    Attorney’s
Fees

In its first issue, Bluelinx contends that the trial
court erred in awarding attorney’s fees to TCS because there was no jury
finding regarding attorney’s fees.  TCS pleaded for attorney’s fees, and the
trial court expressly awarded them, under both chapter 38 of the Civil Practice
and Remedies Code[4]
and section 53.156 of the Property Code.[5] 
Bluelinx’s appellate briefing focuses on chapter 38 and never mentions section
53.156.  Because Bluelinx does not challenge on appeal the trial court’s award of
attorney’s fees under section 53.156, any error in awarding attorney’s fees
under chapter 38 without a jury finding is harmless.  See Britton v. Tex.
Dep’t of Crim. Justice, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002,
no pet.) (holding that failure to challenge independent ground to support trial
court’s ruling renders any error in complained-of ground harmless).

Bluelinx further contends that TCS was not entitled
to attorney’s fees because TCS did not meet its burden of proving reasonable
and necessary expenses and because TCS’s attorney did not provide a current
resume.  We need not consider these arguments because we reverse the attorney’s
fees award and remand for a new trial in light of the reduction in the damages
award.  See Barker v. Eckman, 213 S.W.3d 306, 313–15 (Tex. 2006)
(holding that correct remedy when appellate court substantially reduces damages
award is to reverse and remand for a new trial on the issue of attorney’s fees);
Tex. Mut. Ins. Co. v. Morris, 287 S.W.3d 401, 429 (Tex. App.—Houston
[14th Dist.] 2009, pet. filed) (reversing attorney’s fees award and remanding
for new trial when damages award was reduced on appeal by over seventy-five
percent).

D.    Costs

In its fifth issue, Bluelinx argues that the trial
court erred in awarding costs to TCS because TCS was not the successful party
and because TCS did not present an itemized list of all costs.  Section 53.156 of
the Property Code authorizes the court to award not only attorney’s fees in a
proceeding to foreclose a lien but costs as well.  As discussed above, TCS was
successful in its proceeding to foreclose on its lien, and the trial court did
not abuse its discretion in awarding TCS costs.  See Wesco Distrib., Inc. v.
Westport Group, Inc., 150 S.W.3d 553, 562 (Tex. App.—Austin 2004, no pet.);
Tex. Wood Mill Cabinets, Inc. v. Butter, 117 S.W.3d 98, 107 (Tex.
App.—Tyler 2003, no pet.).  Further, the judgment does not recite a specific
amount of costs but merely states that “[a]ll costs of court are assessed
against” Bluelinx.  The clerk’s record contains an itemization of costs, and
TCS is entitled under the court’s order to recover those costs of record.  We
overrule Bluelinx’s fifth issue.

E.     Findings
of Fact and Conclusions of Law

In its second issue, Bluelinx argues that the trial
court erred in not entering findings of fact and conclusions of law.  Texas
Rule of Civil Procedure 296 provides a right to require the trial court to
provide findings of fact and conclusions of law in certain circumstances. 
Bluelinx requested such findings and conclusions from the trial court, but the
trial court did not enter them.  Assuming without deciding that the trial court
was required to enter findings of fact and conclusions of law, its failure to
do so was harmless.  The test for harm is whether the circumstances of the case
require an appellant to guess the reason for the trial court’s ruling and
therefore prevent the appellant from properly presenting its appeal.  Gen.
Elec. Capital Corp. v. ICO, Inc., 230 S.W.3d 702, 711 (Tex. App.—Houston
[14th Dist.] 2007, pet. denied).  Bluelinx complains that it had to guess as to
the trial court’s reasoning in awarding attorney’s fees.  However, given that
the judgment specified that the attorney’s fees award was based on chapter 38
and section 53.156 and the amount of attorney’s fees the trial court awarded
was within forty cents of TCS’s request, Bluelinx had sufficient information to
present its appellate case.  We overrule Bluelinx’s second issue.

Conclusion

The trial court properly submitted a quantum meruit
question.  The evidence is sufficient only to support an award of damages under
the quantum meruit theory of $2,130.02.  Thus, we modify the judgment to reduce
the damages award from $10,046.20 to $2,130.02.  Any error in awarding
attorney’s fees without a jury finding was harmless because Bluelinx did not
challenge the award on all grounds relied upon by the trial court, but in light
of the reduction in the damages award, we reverse the award of attorney’s fees
and remand for a new trial on attorney’s fees.  The trial court also did not
err in ordering foreclosure on TCS’s lien against Bluelinx’s property. 
Finally, the trial court did not err in awarding costs, and did not reversibly
err in failing to enter findings of fact and conclusions of law.  We reverse
the award of attorney’s fees and remand for a new trial on that issue, and we
affirm the remainder of the trial court’s judgment as modified.

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

Panel consists of
Justices Frost, Boyce, and Jamison.









[1]
The jury was asked if TCS performed compensable work for Bluelinx, and the jury
charge included the following instruction:  “One party performs compensable
work if valuable services are rendered or materials furnished for another party
who knowingly accepts and uses them and if the party accepting them should know
that the performing party expects to be paid for the work.”





[2]
Under the third exception, the plaintiff can recover in quantum meruit the
reasonable value of the services rendered or materials supplied less any
damages suffered by the defendant as a result of plaintiff’s breach of the
contract.  See Truly, 744 S.W.2d at 937.  





[3]
At trial, TCS did not plead or argue partial performance.  The evidence did not
prove as a matter of law that TCS failed to substantially perform the contract.





[4]
Attorney’s fees are recoverable under chapter 38 of the Civil Practice and
Remedies Code in both breach of contract and quantum meruit actions.  See
Tex. Civ. Prac. & Rem. Code § 38.001(1)–(3),
(8); Caldwell & Hurst v. Myers, 714 S.W.2d 63, 65 (Tex. App.—Houston
[14th Dist.] 1986, writ ref’d n.r.e.).





[5]
Section 53.156 provides that in a proceeding to foreclose a lien such as TCS’s,
“the court may award costs and reasonable attorney’s fees as are equitable and
just.”  Tex. Prop. Code § 53.156.