MILLS v. BELDEN.

(Court of Civil Appeals of Texas. Galveston. Dec. 8, 1913. Rehearing Denied Dec. 24, 1913.)

APPEAL AND ERROR (§ 1011*) — REVIEW — FINDING ON CONFLICTING EVIDENCE.

On conflicting evidence, the question of the credibility of witnesses is for the court in a trial without a jury, and the appellate court is not at liberty to substitute its own judgment for that of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by Mrs. M. Belden against D. C. Mills. Judgment for plaintiff, and defendant appeals. Affirmed.

L. C. Kemp, of Houston, for appellant. A. R. & W. P. Hamblen, of Houston, for appellee.

REESE, J. Appellee sued appellant for $350 commissions for the sale of land, and recovered judgment for that amount, in a trial without a jury.

It was alleged, in substance, that appellant had turned over to appellee, who was a real estate agent, certain maps and papers showing the land for sale; that she spoke to several persons about the land, looking to a sale thereof; that she sent the names of these parties to appellant, and that he had afterwards got the papers from her, and told her that he had sold the land to one of her customers; that appellant agreed to pay her $350 commissions, and just before leaving for his home in Nebraska gave her the following letter: "Houston, Tex., January 7th, '12. Mrs. M. Belden—Dear Madam: I will will send you the amount of commission due you on my return to Angus Neb., where I have sent the note for collection. I think about ten days from date the money will reach you here. Yours truly [Signed] D. C. Mills." Appellant denied the indebtedness, or that he had ever placed with appellee any land to sell, or that she ever sold any land for him; denied, in short, not only generally, but specially, every material allegation of the petition, except the signing of the letter referred to. As to this, he alleged that it was written by appellee, and was signed by him under the following circumstances: That appellee was very much in need of money to pay her room rent, and asked him to give her such a letter to show to her landlord as an evidence that she had money coming to her with which she could pay her room rent, and that the instrument was without consideration, and was obtained solely for the purpose of defrauding and blackmailing him, and that he never at any time owed appellee anything. This paragraph of the answer was sworn to.

Appellee testified substantially to all of the allegations of her petition, and appellant denied in most positive terms every material allegation upon which it was sought to make him liable, supporting directly the allegations of his answer by his testimony. Appellee, throughout her testimony, and especially on cross-examination, told a most remarkable story. It stops short, however, of being so unreasonable as to be impossible of belief. It still remains a question of the credibility of the witnesses. If appellee was telling the truth, appellant placed land in her hands for sale, she sent him the names of prospective purchasers to whom she had spoken about it; appellant afterwards told her that he had sold the land to one of the purchasers whose name she had sent him, and agreed to pay her $350 commissions. We are not at liberty to substitute our judgment for that of the trial court, as to the credibility of the witness. It becomes a question of that purely.

We have examined the several assignments of error and the propositions thereunder, and conclude that none of them presents any grounds for reversal, and they are severally overruled.

The judgment is affirmed.

Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes