RAMSEY et al. v. FARMERS' & CITIZENS' SAVINGS BANK. (No. 5487.)

(Court of Civil Appeals of Texas. San Antonio. May 19, 1915. Rehearing Denied June 16, 1915.)

1. APPEAL AND ERROR ⊜⟶1011 — REVIEW — FINDINGS.

A finding of the trial court on conflicting evidence cannot be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. ⊜⟶ 1011.]

2. BILLS AND NOTES ⊜⟶92—CONSIDERATION—FORBEARANCE TO SUE.

Where the defendants gave vendor's lien notes for land, and thereafter gave a new note covering arrears of interest on such vendor's lien notes, in consideration that the payee bank would not sue on such notes until after the due date of the new note covering interest, and the interest due on the vendor's lien notes, corresponding to the amount of the new note, was credited on such vendor's lien notes, the new note was based on sufficient consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–205, 208–212; Dec. Dig. ⊜⟶92.]

Error from Anderson County Court; E. V. Swift, Judge.

Action by the Farmers' & Citizens' Savings Bank against E. B. Ramsey and others.

Judgment for plaintiff, and defendants bring error. Affirmed.

Jackson & Dickson, of Houston, for plaintiffs in error. S. J. Williamson, of Palestine, for defendant in error.

CARL, J. Appellee, Farmers' & Citizens' Savings Bank, brought suit in the county court of Anderson county against E. B. Ramsey, W. H. Logan, H. M. Freeman, J. Mercer Johnson, W. M. C. Dixon, M. V. Morris, J. W. Edwards, and Edward Lee, on a promissory note for the principal sum of $765.49, dated April 11, 1913, which said note was given for interest then due on vendor's lien notes against a certain tract of land in the city of Houston, which had been purchased by plaintiffs in error for the purpose of erecting a sanitarium thereon for colored people. There were seven of these vendor's lien notes, the first being for $1,200, payable in 60 days from March 19, 1910, which is the date of all of the notes, and the other six notes were each for the sum of $1,000 and were payable, one each year, and they all oore interest at 8 per cent. per annum. Plaintiffs in error contend that this note sued upon was given to secure the interest on the vendor's lien notes, and that at the same time that the note sued on was given it was agreed and understood between the parties that the same was to be paid out of the proceeds of a picnic, Tag Day receipts, etc., and that they agreed that if they could not so raise the money to pay same the property would be conveyed to the bank in satisfaction of the entire indebtedness, including the note sued on as well as the vendor's lien notes. This is controverted by the defendant in error. Price, the cashier of the bank, testified that as soon as he received the present note sued on he credited the interest proportionately on the vendor's lien notes against the land; and the credits on said notes introduced in evidence corroborate his statement, showing that the total credits entered of that date aggregated $765.49. He says that the land would not have been taken in satisfaction of the entire indebtedness, including the note sued on. It is further pleaded, and there is evidence to support it, that the bank agreed to refrain from bringing suit at the time the note sued on was given until after the due date thereof. Plaintiffs in error contend that the note is without valid consideration; that they received nothing therefor; and that, when the land was conveyed to the bank in consideration of the cancellation and surrender of the lien notes, this debt, which they contend was a mere security for that, was extinguished. The cause was tried before the court without the assistance of a jury, and is brought to this court on writ of error.

[1] The trial court heard the evidence, saw the witnesses, and was in a better position to judge as to the weight of the evidence than this court would be, and having found against plaintiffs in error, and there being ample testimony in the record to support that finding, this court would not be authorized to disturb that finding. The issues were sharply drawn and testimony introduced in support of the contentions of each side, with the result that the trial court found in favor of the bank. In this state of the record, such finding will not be disturbed. Mills v. Belden, 162 S. W. 368; Schumm v. Anderson, 172 S. W. 1121; Holbrook v. Thornton, 166 S. W. 6.

[2] If the testimony of Price is to be believed, and the court did believe it, there was a consideration for the interest note, because he agreed on part of the bank to refrain from bringing suit on the vendor's lien note until after the due date of this note and the interest due on the vendor's lien notes corresponding to the amount of this note was credited at the time it was given on the other notes.

It is not necessary for us to give detailed consideration to each of the assignments of error, for they simply, in different · forms, question the correctness of the judgment rendered by the court, based upon the matters above indicated.

The judgment of the trial court is in all things affirmed.