BRANHAM et al. v. HALLAM. (No. 5751.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1916. Rehearing Denied Jan. 24, 1917.)

1. TRIAL ⟨key⟩350(4, 8)—SPECIAL ISSUE—ISSUES TO BE SUBMITTED.

In an action to recover attorney's fees, where defendant admitted employing plaintiff to represent her in a partition suit, and the court submitted a special issue as to the value of the services rendered in that suit, a special issue, requested by defendant, as to whether she employed plaintiff in connection with the partition and

to recover a portion of her father's estate, was properly refused as immaterial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 829, 833; Dec. Dig. ⟨key⟩350(4, 8).]

2. APPEAL AND ERROR ⟨key⟩1062(2)—HARMLESS ERROR—REFUSAL OF SPECIAL ISSUES.

Where an attorney sued for the reasonable value of his services in connection with the partition of property and for other services, defendant admitted the employment for partition, and the court limited recovery to the value of the services rendered in partition, defendant was not prejudiced by the refusal to submit special issues as to other services which the attorney alleged he had rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4213; Dec. Dig. ⟨key⟩1062(2).]

3. PLEADING ⟨key⟩127(2) — ADMISSIONS — SERVICES RENDERED.

In suit for attorney's fees, where the petition alleged that plaintiff was employed by defendants as their attorney to enforce their rights in an estate, to obtain a partition thereof, and to recover their share of the estate, with further allegations as to the nature of the questions involved, and the answer admitted that plaintiff rendered services in connection with the partition of the estate, the services alleged in the petition to have been rendered were the same as those admitted by the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 264; Dec. Dig. ⟨key⟩127(2).]

4. TRIAL ⟨key⟩350(4) — SPECIAL ISSUE — EVIDENCE—ATTORNEY'S FEE.

In a suit for an attorney's fee, where the only question was the value of the services rendered, the complexity and seriousness of the questions involved in the proceedings in which the services were rendered, which determined the value of the services, were matters of evidence which the jury should not be required by special issue to find.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 829; Dec. Dig. ⟨key⟩350(4).]

5. APPEAL AND ERROR ⟨key⟩1004(1)—REVIEW—VERDICT—VALUE OF ATTORNEY'S FEES.

The finding of the jury as to the reasonable value of an attorney's fees in partition suit cannot be disturbed on appeal, though differing greatly from defendants' opinion of their value.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944, 3946; Dec. Dig. ⟨key⟩1004(1).]

6. ATTORNEY AND CLIENT ⟨key⟩168—COMPENSATION OF ATTORNEY—INTEREST.

In an action to recover the reasonable value of services rendered by an attorney where the services had been completed and demand made for payment which was refused, plaintiff was entitled to compensation, commonly called interest, for the detention of the money due.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 376; Dec. Dig. ⟨key⟩168.]

7. APPEAL AND ERROR ⟨key⟩930(3) — PRESUMPTIONS—SPECIAL ISSUE—NECESSITY FOR REQUEST.

Where neither party requested the submission of a special issue as to the right to interest, it will be presumed that both elected to leave that question to the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3759; Dec. Dig. ⟨key⟩930(3).]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by M. S. Hallam against Mrs. Ruth Branham and another. Judgment for the plaintiff, and defendants appeal. Affirmed.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Scott & Dodson, of San Antonio, for appellants. T. H. Ridgeway and Arnold, Cozby & Peyton, all of San Antonio, for appellee.

SWEARINGEN, J. This is a suit by appellee, M. S. Hallam, against appellants, Mrs. Ruth Branham and husband, H. H. Branham, to recover reasonable compensation for services rendered unto appellants in connection with the partition of the estate of Valentine Weiss, valued at $1,500,000. The services were rendered in pursuance of an express employment. Appellants admitted the employment for services in connection with the partition, but averred the value thereof was only $1,500. The cause was tried with a jury, to which was submitted the single issue of the value of the services rendered in connection with the partition. The jury found the value to be $7,750, for which amount judgment was rendered against appellants, with the addition of interest on $7,750 at 6 per cent. from the date after payment was due and refused, August 1, 1914, up to date of the judgment.

Appellee alleged that he was employed by appellants, as their attorney: (1) To enforce and protect the rights of the said Mrs. Ruth Branham in her father's estate; (2) to obtain a partition thereof; and (3) to recover for her the share or portion of said estate to which she was legally entitled. For the purpose of showing the nature and extent of the services, and consequently the value of same, appellee alleged: That Valentine Weiss died, leaving an estate consisting of real and personal property of the value of $1,500,000; that Valentine Weiss left, surviving him, his son, Percy H. Weiss, and his daughter, Mrs. Ruth Branham, and his second wife, Mrs. Laura Weiss, the stepmother of his two children; that some of the estate was acquired by Valentine Weiss during his marriage with his first wife, and part of it during his marriage with Mrs. Laura Weiss, the second wife; that property valued at $97,000 was included in the estate, which had been vested in Mrs. Ruth Branham as her portion of the community estate of her deceased mother, but had been conveyed by Mrs. Branham to her father, Valentine Weiss; that the books of the estate showed a large sum of money had been received by Mrs. Ruth Branham from her father, charged as advances, but claimed by her as a gift. And, for the same purpose, the said petition further alleges collusion to defraud appellant; and an effort to retain possession of appellant's property and portion of the estate by virtue of a trust deed; and further alleges a collusion to force appellant to allow an exorbitant value for the life estate of the second wife in one-third of the deceased's estate.

Appellants, in their second amended answer, deny all of the cause of action alleged, except it is expressly admitted that appellee was employed by them as their attorney in connection with the partition of the estate. The said admission is in the following words:

"Defendants say it is true that plaintiff rendered unto them of his time and services in connection with partition of the estate of V. Weiss; that said services were for the benefit of the separate estate of the defendant Ruth Branham, and that defendants are obligated to pay plaintiff a reasonable fee or compensation for the services he so rendered. Defendants say they are entirely willing to justly perform their obligation to plaintiff, but they affirm that plaintiff is not in any event entitled to recover of them or either of them more than $1,500 as reasonable compensation for his said services."

The said answer denies that such services were of the value of $15,000, as alleged by appellee, but avers that the value of said services was not more than $1,500.

There was testimony in proof and disproof of all of appellee's allegations except those admitted, viz. that appellee was employed and under such employment rendered services as attorney in connection with the partition.

The court, without objection, submitted to the jury the following special issue:

"Question No. 1. What was the reasonable value of the services of the plaintiff, rendered unto the defendants, in connection with the partition of the estate of V. Weiss? State in dollars."

Upon which issue the jury returned the following verdict:

"Pursuant to the instructions given us in the charge of the court, we, the jury, find from the evidence and make answer to question propounded to us in said charge, as follows, to wit: To question No. 1, we answer: $7,750.00. Seven thousand and seven hundred and fifty dollars."

The evidence shows the facts, concerning the character and value of the estate, the heirship, and the various interests in the property, substantially as alleged by appellee.

Appellants in the first five assignments urge as error that the court refused to submit to the jury five special instructions requested by appellants.

The requested issues are as follows:

"Did the defendants, or either of them, employ plaintiff as their attorney about the month of January, 1914, to obtain a partition of her father's estate, and to recover for her the share or portion of said estate to which she was legally entitled?

"Did the plaintiff, by rendering his services, recover for the defendant Mrs. Ruth Branham the portion of the estate of Valentine Weiss, deceased, to which she was entitled?

"Did Mrs. Laura Weiss, Percy Weiss, and George C. O'Brien claim and insist that the property inherited by the defendant Mrs. Ruth Branham from her deceased mother, which was deeded by said Mrs. Branham to her father, Valentine Weiss, during his lifetime, was the absolute property of the estate of said Valentine Weiss, deceased, and a part of the community property of the said Valentine Weiss and Mrs. Laura Weiss, and did they, the said Mrs. Laura Weiss, Percy Weiss, and George C. O'Brien, endeavor to partition the same as if it had been the absolute property of the deceased, Valentine Weiss, and refuse to return said property to the defendant Mrs. Ruth Branham?

"Did Mrs. Laura Weiss and George C. O'Brien refuse to agree to any kind of a partition unless a large sum of money was given Mrs. Laura

Weiss for a life estate or interest in the estate of Valentine Weiss, deceased?

"Did Mrs. Laura E. Weiss and George C. O'Brien claim and insist that all sums of money that Valentine Weiss, deceased, had given to or expended for the different members of the family, should be considered and treated as advancements, and that they should each pay back into the estate what each had drawn prior to his death, or that such sums of money should be considered in the division of the estate and deductions made from the share of each, according to the amounts drawn respectively?"

[1] The first requested issue was immaterial, and properly refused, because it was admitted that appellee was employed to obtain a partition of the Valentine Weiss estate, which is the first part of the question, and an answer, either yes or no, to the second part, could not affect the verdict in response to the special issue actually given.

[2] The second requested issue is a virtual repetition of the second part of the first question. If appellants' theory is correct that appellee alleged a different employment from that admitted by appellants, the third, fourth, and fifth requested instructions would probably have been given if appellee had requested them, for, under appellants' contention, the petition alleged employment for the purpose of resolving the questions therein presented in favor of appellant as well as, and in addition to, the service in connection with the partition, and there was evidence tending to support the issues; but, since the court limited recovery to the services in connection with the partition and thereby eliminated recovery for any other service, we feel sure appellants have no right to complain.

Counsel for appellants have indulged in an illustration showing familiarity with cattle contracts, which tempts us to illustrate our view of the immateriality of the requested issues to the case at bar.

Counsel say: "Suppose a plaintiff files a suit and alleges that he sold and delivered 100 six year old steers off his ranch to the defendant which were of the reasonable value of $10,000, and suppose that in fact he only delivered 10 four year old steers and that they were reasonably worth but $800, and suppose that the defendant generally and specially denies that he purchased or received the 100 six year old steers worth the $10,000." (For the balance of this supposition, we must abandon counsel's language, in order to conform to our view of the facts in the present case.) Next, suppose that defendant admits that he received the 10 four year old steers, but they were reasonably worth only $160. And then suppose the court instructed the jury to find the reasonable value of the 10 four year old steers. "Could it be seriously contended," in the words of counsel, that the court committed error harmful to defendant because it refused to submit to the jury questions of whether the other 90 head were received by defendant, or whether the other 90 head were six or four years old, or whether they were not delivered on time or in contract condition? The defendant could not complain because the court limited the question to the value of the cattle admittedly received and eliminated all inquiry about, and liability for, the 90 head, the receipt of which defendant denied. On the other hand, if plaintiff pleaded and introduced testimony that he actually delivered to defendant the 100 six year old steers, he would unquestionably have been harmed by the court's charge limiting the recovery to the reasonable value of 10 four year old steers; but only the plaintiff could complain.

[3, 4] The foregoing illustration is submitted to explain appellants' theory that appellee alleged employment for services distinctly different from those admitted by appellants. In our opinion, the nature of the services alleged by appellee and admitted by appellants are the same, the parties differing only in the appraisement of the value of the same. This wide variation in the estimate of the reasonable value of the services may have grown out of the different views entertained by the respective parties of the seriousness of the complications anticipated or actually involved. The complexity of the questions and their seriousness are merely facts to be considered as evidence by the jury in order to determine the answer to the one controlling issue which was submitted. The jury should not be required to find the evidence. Railway v. Hapgood, 184 S. W. 1075; Railway v. Stevens, 185 S. W. 390; Railway v. Odom, 185 S. W. 626; Ramsey v. Bank, 177 S. W. 209.

[5] There is a wide difference of opinion between appellants and the jury as to the reasonable value of appellee's services in connection with the partition, but this court is powerless to substitute the opinion of the losing litigant for that of the jury.

The first five assignments are overruled.

[6] The sixth assignment is that the court erred, in that it added interest to the amount of the verdict of the jury and rendered judgment for the sum of the two.

The petition alleges an obligation to pay a reasonable compensation in money for services rendered in connection with the partition of the Valentine Weiss estate. It further alleges that these services were completed when the partition was finished, which was alleged to have been May 20, 1914. The petition further alleges demand for payment and refusal. The petition also prays for the reasonable value of the services rendered and for interest thereon. Under the pleading and evidence appellee had a legal right to receive compensation for the injury inflicted by detaining the amount of money due as reasonable compensation. This is not really interest, but damages habitually denominated interest. Watkins v. Junker, 90 Tex. 584, 40 S. W. 11.

[7] Had either appellants or appellee requested the submission to the jury of the

additional special issue, namely, whether the facts of this case entitled appellee to interest, that special issue would have been properly given, for this is the character of case where such damage may be allowed. Watkins v. Junker, 90 Tex. 584, 40 S. W. 12.

But no special issue covering this item of damage was requested; it will therefore be presumed that both parties elected to submit that issue to the court itself. Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

The sixth assignment is overruled.

The judgment of the court is affirmed.