## WALKER et al. v. ALEXANDER.
### (No. 8962.)

(Court of Civil Appeals of Texas. Fort Worth. April 5, 1919.)

Venue ⊚⟳3—Amendment to statute fixing venue held not applicable to actions pending.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2304, subd. 4, as amended by Acts 1917, c. 124, providing that suits for labor performed "may be brought and maintained" where labor was performed, held not applicable to cases pending at the time the amendment became operative.

Buck, J., dissenting.

Appeal from Jones County Court; J. F. Lindsey, Judge.

On appellee's motion for rehearing. Motion granted. Former judgment set aside, and judgment of trial court affirmed.

For former opinion, see 212 S. W. 713.

BUCK, J. The majority have concluded that it is not clear that the amendment (Laws

1917, c. 124) to subdivision 4, art. 2308 (Vernon's Sayles' Ann. Civ. St. 1914), supra, was intended to apply to cases pending at the time such amendment became operative, and, being further of the opinion that as the cause originated in the justice court and no new cause of action could have been set up in the county court, have further concluded that this court erred in sustaining appellant's motion for rehearing.

The writer is still of the opinion that the intention of the Legislature to make this amendment operative as to pending causes is manifest by the expression "may be brought and maintained." In addition to the reasons given on appellant's motion for rehearing for this conclusion, in the opinion of the writer such conclusion is further fortified by the fact that in none of the various sections of article 2308, other than in subdivision 4, as amended under the acts of 1917, is the word "maintained" used. The same is true of the other venue statute (article 1830). The Legislature must have had some purpose in using in this section a word not found in any other section of these two articles. The common and generally accepted meaning of the word "maintained" will be imputed to such word, in the absence of anything to show the contrary.

Appellee's motion for rehearing is granted, the former judgment set aside, and the judgment of the trial court affirmed.

BUCK, J., dissenting.