## S. E. PEACOCK V. M. A. JOY.

No. 7667. Decided June 11, 1941.
Rehearing overruled July 23, 1941.
(153 S .W., 2d Series, 440.)

*Donald & Donald* and *J. W. Chancellor,* all of Bowie, for plaintiff in error.

A back salary raise, though retroactive, may not be revoked after substantial rights have accrued thereunder, and the employee has continued employment by reason thereof. Dunn v. Second Natl. Bank of Houston, 131 Texas 198, 113 S. W. (2d) 165; Coker v. Benjamin, 83 S. W. (2d) 373; Rodgers-Wade Furn. Co. v. Wynn, 156 S. W. 340.

*Bond, Crofts & Bond,* of Terrell, and *Fred T. Porter,* of Kaufman, for defendant in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

S. E. Peacock filed this suit in the District Court of Kaufman County against M. A. Joy, to recover a sum of money, together with interest thereon, which was alleged to be due and owing as salary earned by Peacock. Joy filed a counterclaim. The case was submitted to the jury on special issues; and based upon the answers of the jury to such issues, the trial court rendered judgment that S. E. Peacock recover judgment against M. A. Joy in the sum of $4587.22, with interest thereon from April 1, 1938. Joy appealed to the Court of Civil Appeals at Dallas, and the judgment of the trial court was reformed in part, and as reformed was affirmed, and the judgment was reversed in part and the cause was remanded with instructions. 131 S. W. (2d) 1012. We refer to the opinion of the Court of Civil Appeals for a full statement of the case and the issues involved.

In response to the special issues submitted to the jury, the jury found, in substance, as follows: (1) That M. A. Joy and S. E. Peacock entered into an agreement on or about the month of August 1928, whereby the salary of S. E. Peacock, as manager of Denison Compress, from then on would be $300.00 per month, and that such salary raise should date back for the prior twelve months; (2) that Joy and Peacock entered into

an agreement on or about the 1st day of December, 1931, whereby the salary of the said Peacock, as manager of the Denison Compress, would thereafter be at the rate of $200.00 per month; (3) that during the period Peacock was rendering services for Joy at the Denison Compress, Joy had knowledge that Peacock was claiming compensation at the rate of $300.00 per month from August 1, 1927, to November 30, 1931; (4) that Joy, after knowing that Peacock was claiming compensation at the rate of $300.00 per month from August 1, 1927, to November 30, 1931, failed to protest such charges while Peacock continued in his employ.

The Court of Civil Appeals was divided in its opinion. The majority of the court held that the judgment of the trial court should be reformed and affirmed for $2029.65, with six per cent. interest from August 15, 1936, until paid. Said amount was arrived at by deducting from the original recovery of $4179.65 the sums of $100.00, $1200.00, and checks amounting to $850.00. The majority held as a matter of law that Peacock was not entitled to recover the claim of $1200.00, an increase in salary for twelve months. The dissenting opinion relates only to the sum of $1200.00, which represents the claim by Peacock for back salary.

The judgment of the trial court for the above amount was reformed, and as reformed was affirmed by the Court of Civil Appeals. The Court of Civil Appeals reversed and remanded that part of the case relating to the Wilcoxcon checks, identified in the record by Exhibits 46 to 55, and such reversal and remand relates only to such items. The Court of Civil Appeals instructed the trial court to enter judgment for the plaintiff, Peacock, against Joy, for the sum of $2029.65, with interest thereon at the rate of six per cent. per annum, together with such additional amount, if any, as may be due Joy upon determination of appropriate issue involving such checks.

Peacock began working for Joy on February 1, 1927, and continued such work until August 15, 1936, at an initial salary of $200.00 per month. It also appears that Joy and Peacock made an agreement on or about the month of August, 1928, whereby the salary of Peacock as manager of the Denison Compress would thereafter be $300.00 per month, and that said salary of $300.00 per month would date back for the twelve months preceding that time; that the increase of salary from $200.00 to $300.00 per month terminated December 1,

1931, and for the remaining period of Peacock's employment his salary was to be $200.00 per month. The pleadings and evidence raised the issues submitted to the jury, the answers to which are set out above.

Counsel for Joy contend that the retroactive agreement to pay $100.00 per month for twelve months was gratuitous and without consideration. The majority opinion of the Court of Civil Appeals sustained this contention, and held that the $1200.00 claimed by Peacock was a gratuity and without consideration, and therefore unenforcible.

It is unquestioned that the $1200.00 claimed by Peacock had long since been collected by him. The jury also found that Joy had knowledge of Peacock's claim for the increase of salary while the said Peacock continued in the employment, but that said Joy failed to protest such additional charge of $1200.00. It is also shown that the transactions relating to the salary were disclosed in reports made from time to time and sent to Joy, and that he made no protest of the claim made for the additional $1200.00 in salary or to the payment of same.

For the purposes of this opinion we may assume, without deciding, that the $1200.00 promised by Joy to Peacock for back salary was a gratuity. It is undisputed that Peacock was Joy's general manager of the compress, and as such had control of the funds and bank account out of which such salary would be paid, and that he did pay himself out of such funds, and that Joy, when the reports were made to him that such payments had been made, did not make any protest. Joy had a perfect right to make such promise, and Peacock had a right to accept it. The authority given Peacock as general manager was never withdrawn by Joy. Since Peacock had the right and authority to pay the $1200.00 to himself, he had the right to apply the first money drawn by him from the funds to the satisfaction thereof. He did this, and the question of the actual delivery of the money was removed. The gift made by Joy to Peacock was consummated, and Joy could not rescind same.

In 21 Tex. Jur., p. 21, the rules relating to gifts in this State are announced as follows: "The doctrine of constructive delivery has been interpreted broadly to aid the completion of a gift where there has been no actual delivery." Lord v. New York Life ns. Co., 95 Texas 216: "The doctrine now applied to gifts has been announced by our Supreme Court as being

that, when the donor's intention has been clearly revealed, 'the law should effectuate it, rather than indulge in nice distinctions and thereby thwart what was plainly his purpose.'" Taylor v. Sanford, 108 Texas 340, 345, 5 A. L. R. 1660, 193 S. W. 661.

It is ordered that the judgments of the Court of Civil Appeals and of the district court in this cause be both set aside, and judgment here rendered as follows:

(1) S. E. Peacock shall recover of and from M. A. Joy the sum of $3229.65, with interest at six per cent. per annum from August 15, 1936. This sum is made up of the $2029.65 found to be due by Joy to Peacock by the Court of Civil Appeals, plus the $1200.00 back pay credit found to be properly chargeable by Peacock against Joy by this Court.

(2) As to all other matters in dispute between these parties, this cause is remanded to the district court for a new trial.

(3) Peacock shall pay all costs of appeal to the Court of Civil Appeals, and Joy shall pay all costs of appeal to this Court.

Opinion delivered June 11, 1941.

Rehearing overruled July 23, 1941.