STATE v. BEDNARZ et al.

No. 11291.

Court of Civil Appeals of Texas. San Antonio.

June 30, 1943.

Wesley E. Seale, of Corpus Christi, for appellant.

O. F. Burney, of Floresville, for appellees.

NORVELL, Justice.

The State of Texas, acting for itself and on behalf of Wilson County and all political subdivisions whose taxes are collected by the Tax Assessor and Collector of said county, brought this suit for the recovery of delinquent real property taxes assessed against 2.25 acres of land situated in the county, and for delinquent personal property taxes assessed against certain gin machinery situated on said tract of land.

The judgment rendered had the effect of reducing the amount of taxes theretofore levied against the real property, and denying a recovery upon the personal property assessed.

The State has appealed upon the transcript and asserts that the judgment has no support in the pleadings. The only pleading shown in the transcript is plaintiff's original petition. The recitals in the judgment clearly indicate that appellees filed no pleadings.

It seems clear that under the provisions of Article 7329, Vernon's Ann.Civ. Stats., some pleading other than a general denial on the part of appellees would be necessary to support the judgment rendered by the trial court.

The judgment rendered contains numerous recitals as to agreements made by the parties during the course of the trial, but we do not have an "agreed case" before us in accordance with Rule 263, Texas R.C.P., nor does the record present an "agreed statement" as contemplated by Rule 378, R.C.P.

We have considered the record, including the lengthy recitations in the judgment, and it seems that we are confronted with a situation similar to that disclosed in Buchanan v. Jean, Tex.Sup.Ct., 172 S.W.2d 688, 689, wherein Chief Justice Alexander remarked that "the whole proceedings were carried on in such an irregular manner that the case cannot be made to fit into any standard pattern or rule of decision."

The recitals in the judgment appealed from can not in this case be given the effect of supplying necessary pleadings on the part of appellees. Accordingly, appellant's points above mentioned are sustained, the judgment reversed and the cause remanded for new trial