**A A A AIR CONDITIONING & MFG. CORPORATION OF TEXAS v. BARR.**

No. 13580.

Court of Civil Appeals of Texas. Dallas.

Dec. 8, 1944.

Rehearing Denied Jan. 19, 1945.

James S. Grisham, of Dallas, for appellant.

J. Willard Gragg, of Dallas, for appellee.

YOUNG, Justice.

Appellee's suit below alleged an oral contract of employment whereby his services as attorney had been retained at a stated salary over a period of seven months, defendant relying on specific defenses. Upon jury trial, judgment was rendered for amount claimed, followed by this appeal.

Prior to 1942 appellee had been connected with the organization of appellant company, becoming an officer and director, also rendering legal services; and appellant's answer to the claim for attorney's fees pled that for the month of January 1942, Mr. Barr had continued as director and officer at agreed compensation of $1,000 per month, payable in preferred stock when he resigned; that beginning with February 1942, he became director and vice president of A A A Roofing Corporation (a subsidiary), his compensation being $500 per month also payable in stock of the parent corporation; the latter arrangement continuing until appellee entered into active duty with the United States Army Air Force in August of such year; and that all of said stock had been issued as agreed; further alleging that whatever legal services had been rendered during the seven months in question had been fully paid for.

Appellee had been a practicing attorney in Dallas prior to military service, his petition alleging a definite oral agreement with defendant through Messrs. N. S. Locke and C. W. Lawrence (owners and in active charge), as general counsel at $1,000 per month in cash beginning January 1942, handling its legal matters and affairs through July when he entered the Army.

Issue No. 1 of the court's charge reads: "Do you find from a preponderance of the evidence that the A. A. A. Air Conditioning & Manufacturing Company of Texas made an agreement with the plaintiff, Burt Barr, to pay him one thousand Dollars per month in cash for legal services during the year 1942?"—to which the jury answered "Yes." The substance of Issue No. 2 was whether plaintiff had rendered services to defendant corporation during 1942 as general counsel, but was not answered because, under the court's instruction, it was conditioned upon a negative reply to the issue just quoted.

Appellant's points of error are, in effect: (1) That the form of issue No. 1 as submitted was duplicitous and multifarious, embodying more than one ultimate fact; being germane to paragraph 4 of its amended motion for new trial, reading: "The first issue submitted to the jury, being the only one answered by it, was neither authorized by the facts adduced nor the law applicable thereto, and its submission constituted a material error, prejudicial to the rights of the defendants, and all of which is reflected by the record, and on its face is a fundamental error." (2) Error in conditionally submitting issue No. 2, because the question of whether plaintiff had performed the services referred to was sharply controverted in the testimony; such conditional submission precluding a finding thereon; and germane to paragraph 2 of the amended motion for new trial, reading: "That said verdict of the jury and judgment of the Court are contrary to the law applicable in this case." (3) Error in awarding interest on the judgment at 6 per cent from January 1, 1943 "without any pleading, proof or jury finding to support such award * * *": also germane to paragraph 2 of defendant's amended motion for new trial above stated.

■ Appellant raised no objection whatever to the court's charge, and in its motion for new trial (assignments of error on appeal), no particular grounds of error

are set forth. Appellee accordingly objects to our consideration of above points as being based on assignments that are too general, and thus violative of Texas Rules of Civil Procedure 321, 322, 324 and 374. Obviously the objections are well taken; see Texas Indemnity Ins. Co. v. Warner, Tex.Civ.App., 159 S.W.2d 173, 174, writ ref., Syl. 7, holding: "An assignment of error, in motion for new trial, which merely points out the particular charge complained of, without specifying any ground on which it is claimed that the charge is erroneous or otherwise identifying the point of objection thereto, does not authorize consideration of grounds of error alleged in the Court of Civil Appeals. Rules of Civil Procedure, Rules 321, 324."

■ However, passing to appellant's initial proposition, we find that issue 1 is complained of as to form; in other words, as being duplicitous and multifarious, embracing more than one issue of fact. Appellant is now faced with the provisions of Rule 272 to the effect that, if no written objections are made to the issue, in form or substance, at time of submission, the same must be considered as waived. The particular language of Rule 272 is identical with old Art. 2185 R.S., with reference to which 41 T.J., Sec. 250, p. 1061, citing numerous cases, says: "In view of this statute, a litigant who has failed to make timely objection may not later attack the form in which the issues were submitted, at least if, as submitted, they were sufficient to present the controlling issues in the case. Failure to object to an issue as given is to be regarded as an approval thereof, * * *".

■ Likewise appellant made no objection to the conditional submission of issue 2, which omission must be deemed a waiver of right on this appeal to complain of the judgment for lack of a finding in such regard. But it is argued that plaintiff's cause of action is not established by mere agreement of employment, and that a finding of performance thereunder is essential. The fact that Captain Barr rendered legal services to appellant corporation during 1942 and until his army connection, does not appear to be seriously controverted; Messrs. Locke and Lawrence, co-owners, testifying that they were in plaintiff's office numerous times on company business; plaintiff's letter of December 28, 1942, concerning the stated salary

due him, being replied to by Mr. Locke in part: "You were allowed $1,000 per month salary until you left Dallas and joined the army." While it is true that Locke, on the witness stand, explained that the quoted statement was in error and not supported by corporate minutes, yet as we view the record, the main controversy between the parties related to the existence or not or a salary agreement for services rendered and to be rendered during 1942. At best the rendition of such services is seen to be but an element of appellee's right of recovery upon which evidence was adduced, the controlling issue involving the oral agreement reflected in issue 1. Defendant made no request for a finding of performance or not (substance of issue 2), thereby authorizing the court to resolve the omitted issue in such way as to support the judgment; Rule 279 providing in part: "Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue. * * * Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, *but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment.*" (Italics ours). See Wichita Falls & O. Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

 Error is claimed in the court's allowance of legal interest from January 1, 1943, as a part of the judgment "without any pleading, proof or jury finding to support such award * * *." The statement that plaintiff's allegations do not include interest on his recovery is incorrect, page 7 of his petition praying for "the sum of $7,000, for interest as provided by statute, * * * and for such other and further relief, legal and equitable, general and special, to which plaintiff may show himself justly entitled * * *." These allegations are in effect a claim for additional compensation at legal rate of interest for the detention of money, otherwise known as damages; and constitute a sufficient basis for the award. Interest being allowable, it was within the court's province as a matter of law to enter judgment for the amount due. Branham v. Hallam, Tex.Civ.App., 191 S.W. 158, writ ref.; Ewing v. Foley, Inc., Tex. Civ.App., 115 Tex. 222, 280 S.W. 499, 44 A. L.R. 627; Texarkana & Ft. S. R. Co. v. Brinkman, Tex.Com.App., 292 S.W. 860.

Aforesaid judgment is accordingly in all respects affirmed.