KRAMER et al. v. WILSON.

No. 15093.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 6, 1950.

Rehearing Denied Feb. 10, 1950.

676

McDonald & Anderson, and Geo. W. Anderson, all of Wichita Falls, for appellants.

Eugene Sherrod, Jr., of Wichita Falls, for appellee.

SPEER, Justice.

Appellee J. R. Wilson recovered a judgment entered on a jury special issue verdict against appellants, Rachel Kramer and A. A. Hingst, in different amounts. The named appellants have perfected this appeal.

In so far as it is necessary to state here, the substance of appellee's petition was, in first count, an action against A. T. Kramer, Rachel Kramer and A. A. Hingst to recover attorney's fees under a former contract for one-third of a recovery obtained by appellee for the named parties in a former suit; in a second count, and alternatively, Wilson sought recovery on quantum meruit for the reasonable value of services alleged to have been performed by him for appellants at their instance and request. Trial was had and determined on the second count. No issue was requested or submitted on the first count. It was

therefore abandoned and we need not further notice it.

Appellants defended on a general denial and two special pleas, i. e., (1) limitation and (2) compromise, accord and satisfaction.

A jury found against appellants on the special defenses pleaded. No complaint is made of these findings and they require no further notice at our hands.

No recovery was had against defendant A. T. Kramer and no complaint by cross assignment is made by appellee. Of course he did not appeal. We need not further notice his connection as a party to this suit. Only Rachel Kramer and Hingst have appealed and they will be referred to as appellants. Rachel Kramer is the wife of A. T. Kramer, but the controversy before us involves her separate property and no question of her coverture arises.

It appears that prior to 1942 appellants were interested with others in a partnership enterprise which was having difficulty and its properties were placed in the hands of a receiver. Appellee, an attorney of Wichita County, filed a suit to recover appellants' respective interests in the assets, which suit resulted in a recovery of $7,062.-37 for Mrs. Kramer and $2,134.32 for Hingst. As above indicated, the instant suit was to recover for the legal services performed by appellee for appellants against the adverse parties in the original enterprise.

In so far as is necessary to here state, the jury found that the reasonable value of the services performed by appellee for Mrs. Kramer was $1765.58 and for Hingst $533.58. In the judgment the court added interest at six per cent per annum to each of said amounts since February 7, 1947, the date of the recovery of the judgment in favor of these appellants. Credit for $150 paid by A. T. Kramer was allowed on the verdict awarded against Mrs. Kramer.

The respective interests of appellants in the original enterprise was different and the special issues inquiring as to the value of the services performed by appellee for each of the appellants was submitted separately, which was proper, and no complaint is made here on that account.

Appellants' points of assigned error, like the special issues, are in duplicate except as to the names of the two appellants respectively, thus to present the complaints of each. Omitting the names of appellants and referring to them in the plural, points One and Two read: "Wilson (appellee) having sued (appellants) for attorney's fees on quantum meruit which (they) denied by plea and evidence, the trial court erred in failing over (their) exceptions, to inquire of the jury if Wilson agreed to render his services gratuitously." We find it unnecessary to go into the question of whether or not the objections and exceptions by appellants to the charge were sufficient to raise the points of assigned error now under consideration. We shall presently give our reasons for this statement.

There is no conflict in the testimony that appellee vigorously prosecuted the original suit out of which grew his claim in this case for compensation; therefore, no disputed fact in this respect was presented for jury determination. It is the contention of appellants here that appellee agreed to file and prosecute the suit gratuitously because of his long standing friendship and the many valuable services theretofore performed for him by A. T. Kramer, who was an experienced auditor and accountant.

We have already pointed out that appellants' only pleading (other than limitation and compromise settlement) was a general denial. The contention that appellee performed the services but that he did so "gratuitously" is one in confession and avoidance, and is a special defense; to be available to appellants in this case it must have been plead. Rule 94, Texas Rules of Civil Procedure. During the trial appellants were permitted to testify at length that appellee agreed with them that he would make no charges for his services because of friendship and services performed for him in the past by A. T. Kramer. Counsel for appellee vigorously objected at all times to such testimony because of a lack of pleadings to that effect. All objections

were overruled and thereafter appellee testified just as positively that no such agreement was ever made by him. Hence, it cannot be said that the issue was heard and tried by express or implied consent of the parties under Rule 67, T.R.C.P. The testimony should have been excluded for lack of pleadings by appellants in this case. The matters complained of were defenses to appellee's asserted cause of action and in the absense of pleadings by appellants to that effect should not have been submitted to the jury under the provisions of Rule 279, T.R.C.P.

The last cited rule of procedure provides, among other things, that the court shall submit to the jury the controlling issues made by the written pleadings and the evidence. Other rules of procedure, including Rule 67, amply provide for trial amendments to pleadings, and in such instances the pleadings will be written. Conditions could arise in which a lack of written pleadings relating to a given controverted point or question would not be material, such as cases tried on stipulated facts and those tried to the court. In cases tried to a jury on special issues it would appear that the pleadings should be written, for the reason Rule 279, supra, referable to the submission of special issues, expressly provides in this respect that: "When the court submits a case upon special issues, he shall submit the controlling issues made by the *written* pleadings and the evidence, * * *." (Our emphasis.) If properly *construed there is no conflict between Rules* 67 and 279, supra. No trial amendment was proposed or filed by appellants seeking to cover their proposed testimony of appellee's asserted gratuitous services. The foregoing principles are definitely held sound in Safety Casualty Co. v. Teets, Tex.Civ. App., 195 S.W.2d 769, writ ref. Points one and two are overruled.

Third and fourth points are applicable to the contentions of each of the two appellants and complain because the court entered judgment for appellee on his quantum meruit action "without a finding of the jury that (appellants) had agreed to pay him a fee which (they) had denied both by pleadings and by evidence."

We have read and re-read appellants' objections and exceptions to the court's charge and do not find any exception based upon a failure of the court to inquire of the jury whether appellants ever promised to pay appellee for his services. Appellants argue that such an inquiry was an essential element to appellee's right of recovery and that they could avail themselves of the error by an objection to the charge because of such omission. If the contention that appellee was dependent upon a promise of payment by appellants for a right of recovery and the issue was not submitted, then an objection to the charge by appellants for that reason would suffice. Rule 279, T.R.C.P. One could perceive of a situation in a quantum meruit suit where the facts would require a finding of a promise to pay for services performed, but no such case is before us. Here we have a legal service performed by an attorney in a law suit which is in the course of his profession. It is commonly known that generally an attorney charges a fee for his professional services. He performed the services and appellants received the result of those services in substantial amounts. In the quantum meruit count seeking recovery for the reasonable value of these services, appellee was not required to allege and prove a definite promise by appellants to pay. In such cases as this, if a jury were to find that a defendant did not specifically promise to pay, such finding would not preclude a recovery by the plaintiff in such a quantum meruit suit. We think appellants' premise assumed, upon which they base the contention that a finding of the jury to pay was an essential element of appellee's case, is unsound under the circumstances in this case.

In Parks v. Kelley, Tex.Civ.App., 147 S.W.2d 821, 822, cited by appellants, this rule was announced: "Quantum meruit is founded upon the rule that it is inequitable for a party to refuse to pay for the benefits he received or for work performed for him with his knowledge and consent by someone who is authorized to expect remuneration therefor."

In Scott v. Walker, 141 Tex. 181, 170 S.W.2d 718, 720, considering a quantum

meruit action, the universally accepted rule was announced in this language: "To prevent injustice the law implies * * * the obligation to pay the reasonable value of the services" rendered and accepted by another. The court in the cited case approved the holding in a cited Wisconsin case, Laughnan v. Laughnan's Estate, 165 Wis. 348, 162 N.W. 169, 171, which held that in a quantum meruit case the law substitutes for the promise to convey real estate as a consideration for services performed, "the promise to pay their reasonable value." Under the cited authorities we hold that appellee was not required to procure a finding that appellants promised to pay for his services but that in cases like this "the law implies such promise." The points under consideration present no reversible error and are overruled.

■ Fifth point challenges the judgment as being fundamentally erroneous because appellee had not plead or proved that he "was a duly licensed attorney of the State of Texas entitled to practice law in said state with all dues paid for the period covered by the alleged services." Appellee alleged that he was a practicing attorney of Wichita County, Texas. He testified in substance and without objection by appellants that he had practiced his profession in Wichita County since 1919, was a graduate of the University of Texas and as such attorney filed and prosecuted the suit for appellants which involved the compensation for his services sued for in this case. Appellants say in their brief that appellee testified that his dues were paid. They argue, however, that he failed to show himself entitled to recover because he did not produce "an official card issued by the Supreme Court of Texas." There were no special exceptions urged to the petition for its insufficiency in this respect and no objections were made to the testimony offered because of the conclusions expressed by appellee while testifying in his own behalf. The "official card" referred to doubtless was a receipt issued by the Clerk of the Supreme Court for annual dues to the State Bar Association. If appellee testified that his dues were paid, as appellants admit in their brief, there seems to

have been no objection raised to such testimony. The "best evidence" rule was not invoked. We see no merit in the contention thus raised.

■■ Appellants' sixth point challenges the judgment entered because the court added interest since February 7, 1947 to the amount found by the jury as the reasonable value of appellee's services "in the absence of a jury finding of interest as an item of damage."

It is quite apparent that the early decisions of our courts are not in complete harmony on the proposition now before us; in 1926 the Supreme Court wiped out the former differences and laid down the general rule to the effect that where an action is for damages with a prayer for interest, and the issues submitted and answered by the jury are such that they would not understand that interest is not a controverted fact for their consideration, interest on the award from the date of the accrual of plaintiff's cause of action is recoverable as a matter of law and should be added by the court to the amount found in the verdict. In such cases there is no fact issue for determination by the jury and no special issue should be submitted thereon. Ewing v. Wm. L. Foley, Inc., 1926, 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; Texas v. N. O. R. Co. v. Dingfelder & Balish, 134 Tex. 156, 133 S.W.2d 967; Joy v. Peacock, Tex.Civ.App., 131 S.W.2d 1012, affirmed on this point by Supreme Court, 137 Tex. 387, 153 S.W.2d 440. An informative discussion on this subject with authorities cited may be found in 18 Texas Law Review, pp. 337-338.

In applying the announced rule to the case before us, we note that by appellee's pleading he sought, primarily, recovery of one-third of the amount he had procured in the former suit for appellants, naming the amount recovered for each. These allegations were before the jury and furnished to them a general idea of what is commonly known as a lawyer's contingent fee. Appellant sought, alternatively, recovery of the reasonable value of his services in procuring the judgment in the original suit for appellants, naming the amount each had received as a result of his services. It is

significant, we think, that a jury verdict in response to special issues on the quantum meruit phase of the case awarded to appellee a sum of not one-third but one-fourth of the amounts recovered by him for appellants in the original suit. The jury verdict as indicated impels the inescapable conclusion that the jury did not attempt to award to appellee any interest on the amount found to be due him for services rendered when he procured the judgment on February 7, 1947, and appellants collected the amounts recovered for them therein. It will be borne in mind that appellants do not complain that too much interest was added, nor that it was for too long a period of time, but only that the court erred in adding interest since February 7, 1947, to the amount found by the jury "in the absence of a jury finding of interest as an item of damage." In other words, appellants' contention is that no interest should have been added without a jury finding that such was an item of damage. It follows that if remuneration for appellee's services was due at the date mentioned, he was entitled as a matter of law to recover an additional sum, often referred to as interest as a matter of convenience in calculation, for the wrongful detention by appellants of the moneys then due and payable. Branham v. Hallam, Tex.Civ.App., 191 S.W. 158, writ ref. Under these facts and circumstances, the trial court properly entered judgment for the amounts found by the jury plus legal interest thereon as prayed for since the date it became due. No reversible error is shown for such action. No jury verdict finding interest due as an item of damage was required or necessary. Questions of law are never determined by the jury.

No reversible error appears in this record and the judgment of the trial court should be and it is affirmed.