## DERRICK v. COCKRELL et al.

### No. 3015.

Court of Civil Appeals of Texas. Eastland.

May 1, 1953.

Rehearing Denied May 22, 1953.

George K. Holland, Dallas, for appellant.

Sanders, Lefkowitz & Green, Dallas, for appellee.

GRISSOM, Chief Justice.

Burke Derrick filed suit in a Justice Court on November 8, 1949, against Joseph E. Cockrell, et al., on a verbal contract to furnish material and labor for certain painting for $115, with interest at 6% from January 1, 1949 and $80 attorney's fees. On appeal to the County Court, defendants' plea to the jurisdiction was sustained and the case was dismissed. Derrick has appealed.

Plaintiff's memorandum for suit in the Justice Court was as follows:

"Burke Derrick, an individual residing in the City of Dallas, Dallas County, Texas, sues Joseph E. Cockrell, Clarence M. Cockrell and Robert B. Cockrell, all of Dallas, Dallas County, Texas, for debt in the principal sum of $115.00, with interest thereon from January 1st, 1949 until paid at the rate of 6% per annum, together with the sum of $80.00 as attorneys fees for the filing and prosecution of this suit, together with all costs herein."

Plaintiff's petition in the County Court was in writing and, in addition to allegations showing he was entitled to recover $80 attorney's fee, his pleadings were as follows:

796

"Plaintiff says that on or about January 8th, 1948, he entered into a verbal contract with the defendants to furnish them materials and labor for the painting of the interior of part of the premises located at 2708 Live Oak Street, Dallas, Texas; that the plaintiff in consideration of said contract, and in the performance thereof by him, furnished the materials and the labor to do the painting aforesaid; that the contract price for the furnishing of said materials and the doing of such work was and is $115.00; that after his performance of said contract plaintiff made demand upon the defendants for payment of said $115.00, but that the defendants failed and refused to pay same, and still fail and refuse to pay same, all to plaintiff's damage in the sum of $115.00, together with interest thereon at the rate of six per cent per annum from January 1st, 1949."

\* \* \* \* \* \*

"Wherefore, premises considered, plaintiff prays that upon the trial of this cause he have and recover of and from the defendants, jointly and severally, judgment for his damages, interest and attorney's fees as hereinabove alleged, together with all costs herein; and for such other and further relief, general and special, legal and equitable, to which he may be justly entitled."

Interest, as such, or interest eo nomine, could not be recovered in this suit upon said oral contract, since it was not on a written contract from which the sum payable could be ascertained and was not on an open account. Vernon's Ann.Civ. St. art. 5070. The interest claimed was a part of the damages. Since the aggregate of the amount sued for, to-wit: $115, with interest thereon at 6% from January 1, 1949 until the case was filed on November 8, 1949, and the $80 attorney's fee, exceeded $200 and, therefore, exceeded the jurisdiction of the Justice Court, that court did not have jurisdiction of the case and the County Court on appeal, did not have jurisdiction thereof. The court, therefore, correctly dismissed the case for want of jurisdiction.

McDaniel v. National Steam Laundry Co., 112 Tex. 54, 244 S.W. 135, 137; McNeill v. Casey, Tex.Civ.App., 135 S.W. 1130, 1132; Walker v. Alexander, Tex.Civ.App., 212 S.W. 713, 714, reversed on other grounds, Tex.Civ.App., 227 S.W. 696; Bell v. C. J. Gerlach & Bro., Tex.Civ.App., 205 S.W. 470, 471; Bering Mfg. Co. v. W. T. Carter & Bro., Tex.Civ.App., 255 S.W. 243, 253, Reformed & Affirmed Tex.Com.App., 272 S.W. 1105; AAA Air Conditioning & Mfg. Corporation of Texas v. Barr, Tex. Civ.App., 186 S.W.2d 825, 827 (Writ Ref.); San Antonio & A. P. R. Co. v. Collins, Tex. Com.App., 61 S.W.2d 84, 90; 26 Tex.Jur., 815, 816; 11 Tex.Jur., 749.

It plainly appears that the recovery of interest was sought as a part of the damages; that the interest was sought to be included in the amount for which it was prayed that judgment be rendered and not on the judgment. See Schulz v. Tessman, 92 Tex. 488, 49 S.W. 1031, 1033; Gulf, W. T. & P. R. Co. v. Fromme, 98 Tex. 459, 84 S.W. 1054, 1056.

The judgment is affirmed.