Bertha McBURNETT et vir., Appellants,

v.

Floyd GORDON et al., Appellees.

Bertha McBURNETT et vir., Appellants,

v.

James R. GORDON et al., Appellees.

Nos. 7797, 7798.

Court of Civil Appeals of Texas,
Beaumont.

Feb. 12, 1976.

Rehearing Denied March 25, 1976.

J. Leonard Gotsdiner, Houston, for appellants.

Fletcher Richardson, Lee Roger Ratliff, Silsbee, for appellees.

KEITH, Justice.

Plaintiffs below (appellants here) have appealed from two adverse judgments entered in the District Court of Hardin County; and, since the parties are the same in each case, we will dispose of the appeals with a single opinion.

### The Deed Case

Our No. 7797 (District Court No. 15,048) is a suit brought by appellants against appellees to set aside three deeds executed by the mother of the parties, Rosie Gordon, prior to her death. This suit was instituted on April 9, 1969, and the defendants duly answered; and, by amended pleadings, filed numerous special exceptions. By an order dated September 11, 1975, the trial court sustained all of such exceptions and dismissed the suit. The order is silent as to whether plaintiffs sought leave or declined to amend. The appeal was duly perfected from the order of dismissal.

In the Deed Case the sole question is whether the trial court erred in sustaining the exceptions of the defendants and in dismissing the cause. The appellants have *no* points of error challenging such action. Instead, all of the points of error relate to our No. 7797 hereinafter discussed complaining of the dismissal of the cause for want of prosecution. We discussed only recently the nature of an appeal from an order of dismissal after the trial court has sustained exceptions. See *McCamey v. Kinnear,* 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).

Had appellants addressed points of error to this action of the court in sustaining the special exceptions in the Deed Case, we could pass upon the propriety of the court's dismissal. But, appellants have failed to discharge the burden resting upon every litigant who perfects an appeal from an adverse judgment in a trial court—"to show that the judgment is erroneous in order to obtain a reversal. *The Englander Co., Inc. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968).

An appellant can show reversible error only by complying with the rules governing appellate practice, including Tex.R. Civ.P. 418. When a point of error is not preserved in accordance with *Rule 418,* the question is not properly before the appellate court for review. *Isenhower v. Bell,* 365 S.W.2d 354, 358 (Tex.1963). The failure to present a point of error amounts to a waiver thereof. *Bickler v. Bickler,* 403 S.W.2d 354, 361 (Tex.1966); *State Farm Mutual Automobile Ins. Co. v. Cowley,* 468 S.W.2d 353, 354 (Tex.1971).

Upon oral argument, and for the first time, appellants in the Deed Case contended that the trial court committed fundamental error in sustaining one of the special exceptions, the thrust of the argument being that the pleadings disclosed the absence of a necessary party. No such contention was made by appellants in the court below or in the brief filed in this court.

We granted leave to file a supplemental brief confined to the alleged fundamental error and a lengthy brief has been filed by appellants' counsel. We have examined all of the authorities therein cited and find none to be dispositive of the contention now advanced.[1]

---

1. Among the authorities cited are three cases from separate courts of civil appeals. Counsel neglects to advise us that each of these cases was reversed by the Supreme Court. See, e. g., *Joy v. Peacock,* 131 S.W.2d 1012 (Tex.Civ.App.—Dallas 1939), *reversed,* 137 Tex. 387, 153 S.W.2d 440 (1941); *State v. Bednarz,* 174 S.W.2d 743 (Tex.Civ.App.—San Antonio), *reversed,* 142 Tex. 138, 176 S.W.2d 562 (1943); and *At-* *wood v. Humble Oil & Refining Co.,* 239 S.W.2d 412 (Tex.Civ.App.—El Paso 1950), *reversed,* 150 Tex. 617, 244 S.W.2d 637 (1951).

   Candor to this court in the presentation of the authorities would have indicated to counsel the necessity of at least informing us that the decisions which he relies upon had become judicial casualties many years ago.

The doctrine of fundamental error was restricted severely by our Supreme Court in *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265, 266 (1957), which required the appellate court to note unassigned errors "[w]hen the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter" of the suit.

Chief Justice Calvert, in *Petroleum Anchor Equipment, Inc. v. Tyra,* 406 S.W.2d 891, 893 (Tex.1966), construing Tex.R.Civ.P. 39 as it was *then* written, addressed the court's attention to classification of the parties. However, extensive changes were made in *Rule 39* in the amendment effective January 1, 1971, rendering inoperative much of the holding in *Tyra,* supra.

The modern and prevailing rule is that stated in *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200, 203–204 (Tex.1974),[2] where *Tyra* and amended *Rule 39,* both supra, are discussed in a scholarly opinion by Justice Johnson. Among other statements contained in this latest expression by our Supreme Court is this:

> "Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." (513 S.W.2d at 204)

See also, *Sherrill v. Estate of Plumley,* 514 S.W.2d 286, 298 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.).

Under the record which we review in the Deed Case, we do not find fundamental error. *McCauley,* supra.

■ Appellants' having no points of error challenging the action of the trial court in sustaining the exceptions and dismissing the cause, and having found no fundamen-

tal error in our search of the record, the judgment of the trial court in the Deed Case (Our No. 7797, District Court No. 15,-048) is AFFIRMED.

### The Will Case

Our No. 7798 (District Court No. 15,609) originated as an appeal from an order of the constitutional county court of Hardin County denying admission to probate of the alleged will of Rosie Gordon, the mother of all the parties. The transcript of the proceedings in the probate court was filed in the District Court on June 18, 1970. Thereafter, the defendants filed separate motions to dismiss this cause because of want of diligent prosecution, such motions having been filed on July 30 and July 31, 1975, respectively.

The Will Case recites the appearance of the parties by and through their respective attorneys and continues:

> "The Court, *after hearing all of the evidence* submitted by all of the respective parties hereto, argument of counsel and after full consideration of these matters, finds the following: The appeal of BERTHA McBURNETT has been pending on the docket of this court for a period in excess of five (5) years; said cause has not been set for hearing by the said BERTHA McBURNETT since being placed on the docket of this court; on February 19, 1973, by and through her attorney of record, Plaintiff requested that said cause be placed on the trial docket setting of this court, and made no request for a trial setting at the docket call held on July 20, 1973; and, the said BERTHA McBURNETT, by her acts and conduct, has abandoned her appeal and cause of action. It appears to the Court that the motions to dismiss are well taken and should be granted. [emphasis supplied]
>
> [followed by an order of dismissal]"

---

2. We note in passing that although appellants' counsel was counsel of record in *Cooper,* supra, that case was not mentioned in oral argument or in the post-submission brief. Moreover, *Cooper* did not present a case of unassigned error being treated as fundamental error; rather, it was brought directly to the attention of the appellate court by proper assignments.

Appellants have appealed from this latter order without a statement of facts or any effort to explain why they were deprived of a statement of facts.

In the Will Case, although appellants have points of error challenging the order of dismissal for want of prosecution, no attempt was made, even upon oral argument, to assert fundamental error as was done in the Deed Case discussed earlier. None of the assigned errors addresses itself to the absence of a statement of facts.

■ Justice Stephenson, in *Missouri P. R. Co. v. Liberty County Water C. & I. Dist.,* 483 S.W.2d 50 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.), discussed in detail the rules governing such a dismissal. It is readily apparent from such discussion that the trial court's discretion in dismissing the cause for want of prosecution will not be reversed in the absence of a showing of abuse of discretion; and, this presupposes that evidence was introduced at the hearing upon the motion.

■ It is clear that the points urged by appellants cannot be reviewed without a statement of facts containing the evidence introduced upon the hearing. Cf. *Lane v. Fair Stores, Inc.,* 150 Tex. 566, 243 S.W.2d 683, 684 (1951). And, in the absence of a statement of facts, we must presume that the evidence supports the finding by the trial court. *Guthrie v. National Homes Corporation,* 394 S.W.2d 494, 495 (Tex.1965). Having no factual record to review, we find no abuse of discretion. So holding, the judgment of the trial court in the Will Case (Our No. 7798, District Court No. 15,609) is likewise AFFIRMED.